Arthur J. GOLDBERG, Secretary of La-
bor, United States Department of
Labor, Appellant,

v.

William C. MATHEWS and Henry M.
Whitfield, Appellees.

No. 19241.

United States Court of Appeals
Fifth Circuit.

June 22, 1962.

Morton Liftin, Asst. Solicitor, Dept. of Labor, Beate Bloch, Atty., Dept. of Labor, Charles Donahue, Solicitor of Labor, Beverly R. Worrell, Regional Attorney, Washington, D. C., for appellant.

C. R. Bolton, J. D. Doty, Bolton & Doty, Tupelo, Miss., Attorneys for Appellees.

Before BROWN and WISDOM, Circuit Judges, and DE VANE, District Judge.

WISDOM, Circuit Judge.

The Secretary of Labor brought this suit for an injunction to restrain the defendants-appellees from violations of the minimum wage, overtime, and record-keeping provisions of the Fair Labor Standards Act, 29 U.S.C.A. §§ 206, 207, and 211. At the trial the district court granted a continuance during which the defendants were ordered to bring their practices into compliance with the Act. A year later the district court held a trial, found that no significant violations had been committed during the intervening year, and denied the petition for an injunction. We affirm, though with misgivings as to the procedure followed by the district court.

William C. Mathews and Henry M. Whitfield operate a general construction business in Tupelo, Mississippi, under the

name of M & W Construction Company. In 1957 representatives from the Department of Labor investigated their employment practices and notified them that these practices did not meet the legal requirements of the Fair Labor Standards Act. The defendants answered that they were not interested in receiving advice from the Department of Labor and that they intended to determine for themselves whether they were subject to the Act. In September 1957 the Secretary of Labor filed a complaint against the defendants alleging violations with respect to four employees at the main office in Tupelo. The defendants responded with a full denial. On the day set for trial the defendants moved for a continuance. They explained that they had learned within the preceding week that the plaintiff intended to present evidence of other violations in addition to those listed in the complaint, and they declared that they intended to bring their practices into compliance with the Act. Over plaintiff's objection, the district court ordered a ninety day continuance at the end of which the defendants were to report to the court whether their practices conformed to the law and the court would determine whether an injunction should issue. Further proceedings were not actually held, however, until a year later. During the intervening period the Department of Labor made additional investigations of the defendants and sought to persuade them to consent to the issuance of an injunction ordering them to comply with the law. The defendants refused to agree to the injunction, but,

apparently for the first time, did cooperate with the plaintiff in bringing their practices into line. In September the plaintiff amended his complaint to include several additional offenses, and the case went to trial on January 30, 1961.

■ The parties do not dispute the trial judge's findings of fact on any significant point, and we believe that substantial evidence supports those findings. The court ruled that the defendants had violated the minimum wage, overtime, and record-keeping requirements of the Act with respect to numerous employees in several different capacities.[1] In each of these cases it should have been quite clear to the defendants that the employees involved were covered by the Fair Labor Standards Act and that they were not being paid in accordance with the requirements of the Act. The court found, however, that there had been no significant violations during the period of the continuance. It concluded: "Notwithstanding violations of the Act prior to January 1960, the violations shown since that time seem to the Court to be trivial. During the period since January 1960, the defendants have undertaken to comply with the statute and, accordingly, the Court does not feel that injunction should issue."

■ In our disposition of this appeal, we are influenced by the particular facts in the history of this case which shape its posture at the appellate level. The salient features are that the district court held this case under consideration for a full year and during that period the

---

1. The district court found that numerous clerical and construction employees frequently or regularly worked substantially more than 40 hours a week but received only a flat weekly wage, and no effort was made to record the number of hours actually worked by the employees. The court also found that three night watchmen who had worked at various periods from 1958 through June 1960 were paid at a rate considerably lower than the minimum hourly wage. It appears that most of the changes made to bring the defendants' practices into compliance with the Act occurred after discussions with the Department of Labor in August 1960. One finding by the district court is contested by the appellant, who argues that the court erred in holding that certain employees working on flood control projects for the Yazoo River Basin were not subject to the Act. Since acceptance of the Secretary's contentions would merely increase the number of the defendants' past violations without altering their character, and since the work on those projects has been long since completed, we feel that this question need not be considered on its merits.

defendants refrained from violations of the Act. In these circumstances we conclude that it would be inappropriate for us to order the issuance of an injunction. Even in the present posture, however, we view this as a borderline case. This Court has many times ruled that when an employer, without excuse or explanation, violates the provisions of the Fair Labor Standards Act the district court as a general rule should issue an injunction restraining the employer from further violations. See Mitchell (Goldberg) v. Pidcock, 5 Cir., 1962, 299 F.2d 281; Mitchell v. Hodges Contracting Co., 5 Cir., 1956, 238 F.2d 380. In Goldberg v. Cockrell, decided this day, 5 Cir., 303 F.2d 811, we reaffirmed this rule. In cases of this sort it may seem natural and easy for the district court to hold the case for a certain period during which the employer is ordered to bring his conduct into line. We disapprove of such a treatment. Its effect is to put a gun to the employer's head and command, "obey the law or else." The defect is that when the facts are reexamined by the court and the suit dismissed without an injunction, the cartridges are removed from the gun and the employer left free to do whatever he pleases. The Fair Labor Standards Act does not carry its own sanctions. It relies on the sanctions of a judicial injunction to force compliance by recalcitrant employers. Yet the law is the law, and even in the absence of sanctions employers subject to its provisions fairly can be expected to obey. Allowance of a continuance period for compliance bestows a second period of grace that is not contemplated in the Act and undoubtedly weakens the enforcement of the Act. Dismissal of the suit without an injunction, assuming the employer does respond to the threat, creates a third period of grace. This procedure places an undue burden of repeated investigation and surveillance on the administrative enforcement officials. It also may end by increasing the burden on the courts as well. While unusual circumstances sometimes may make this procedure justifiable, it should as a general rule be held in definite disfavor. In the instant case, where the defendants' violations of the Act prior to January 1960 were flagrant, we believe that the district court should have disposed of the case on the first go-round by issuance of an injunction. In another similar case we would expect such a course to be followed.

The judgment is Affirmed.