**CAPITOL TOMATO COMPANY, Inc.,**
Appellant,

v.

**Arthur J. GOLDBERG, Secretary of Labor, United States Department of Labor, Appellee.**

**No. 19279.**

United States Court of Appeals
Fifth Circuit.

Oct. 2, 1962.

Gordon M. White, Baton Rouge, La., for appellant.

Thompson Powers, Deputy Sol. of Labor, Washington, D. C., Charles Donahue, Sol. of Labor, Morton Liftin, Asst. Sol., Jacob I. Karro, Jack H. Weiner, Attys., U. S. Dept. of Labor, Washington, D. C., Earl Street, Regional Atty., U. S. Dept. of Labor, Dallas, Tex., on the brief, for appellee.

Before CAMERON and JONES, Circuit Judges, and DeVANE, District Judge.

CAMERON, Circuit Judge.

Two actions were brought against Capitol Tomato Company, Inc., the appellant, by Arthur J. Goldberg, Secretary of Labor, the appellee. In one, appellee sought the recovery of money damages for alleged unpaid minimum wages to two of appellant's employees; in the other, appellee sought to enjoin the appellant from further violation of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. The actions were consolidated for trial by the court below, which entered a judgment in each of the cases against appellant. It appeals, claiming that the findings of the court below that appellant was due the two employees the wages awarded against appellant was clearly erroneous; and that the issuance of an injunction against appellant was a clear abuse of discretion by the trial judge. It is not contended that the actions were not properly brought under the Act.

A review of the evidence convinces us that the award of money damages for wages due the two employees was supported and that the judge's findings of fact based upon it were not clearly erroneous. No good purpose will be served by detailing the evidence here.

■ We agree with the appellee also in the contention in his brief that "It is settled that the issuance of an injunction in equity cases under the Act lies within the discretion of the trial court." This rule is uniformly stated in the decisions of the Supreme Court, e. g., Mitchell v. Lublin, et al., 1959, 358 U.S. 207, 79 S.Ct. 260, 3 L.Ed.2d 243, where the breadth of the District Court's discretion is well exemplified.

Under the guide-lines outlined in that decision we think it clear that the trial court did not abuse its discretion in awarding an injunction here. In Lublin, the Supreme Court had before it a case where the District Court had held that the employees involved were not covered by the Act and the Court of Appeals of the Fourth Circuit had affirmed, 250 F.2d 253. The Supreme Court concluded that the employees were covered by the Act and reversed, remanding the case to the District Court in order that it might decide whether or not injunction should be issued, notwithstanding the fact that the Act had been violated and that the question of the propriety of the injunction had not been raised.[1] It was held by the Court that the District Court should nevertheless exercise its discretion in deciding whether an injunction should be issued or not:

[Page 215, 79 S.Ct. at page 265] "In any event, upon proceedings on remand, it will be within the discretion of the District Court whether or not to issue an injunction. If, for instance, respondent discloses its records, enters a stipulation concerning which employees are covered, and agrees not to violate the Act in the future, the District Court might conclude that an injunction is unnecessary. Compare Mitchell v. Bland, [5 Cir.] 241 F.2d 808, 810, with Chambers Construction Co. v. Mitchell, supra, [8 Cir., 233 F.2d 717] at 725."

In Bland the District Court had declined to issue an injunction even though it found that the Act had been violated, and we affirmed this exercise of discretion. In Chambers, 233 F.2d at 725, the Court of Appeals affirmed the action of the District Court[2] in granting an injunction under like circumstances. The findings of fact by the court below bring this case within the limits defined by the Supreme Court as an area calling for the exercise of the trial judge's sound judicial discretion and we will not disturb his action in granting injunction here.

The judgment in each of the cases is Affirmed.

---

1. [Pages 213–214, 79 S.Ct. at page 264] "Although not an issue below and not a matter of disagreement between the parties before this Court, some doubt has arisen whether injunctive relief is proper in this case. * * * Respondent does *not appear ever to have urged* that an injunction would be improper if, as a matter of law, its employees were 'engaged in commerce.'"

2. After quoting from one of its prior cases, "The defendants insist that they are here not as sinners doing penance but as among the just who need not penance," the Court of the Eighth Circuit held: "The trial court herein, in granting an injunction against both the corporation and Chambers individually, exercised that broad discretion which under the law is its own. * * * We find no abuse of that discretion. * * *"