W. Willard WIRTZ, Secretary of Labor, U. S. Department of Labor, Appellant,

v.

R. E. SULLIVAN, d/b/a Sullivan Lumber Company, Appellee.

No. 20120.

United States Court of Appeals
Fifth Circuit.
Jan. 29, 1964.

---

Bessie Margolin, Associate Sol., Robert E. Nagle, Atty., Charles Donahue, Sol. of Labor, Jerome M. Feit, Jack H. Weiner, Attys., Dept. of Labor, Washington, D. C., Beverley R. Worrell, Regional Atty., Dept. of Labor, for appellant.

Erle Phillips, Fisher & Phillips, Atlanta, Ga., for appellee.

Before TUTTLE, Chief Judge, and JONES and BELL, Circuit Judges.

JONES, Circuit Judge:

The Secretary of Labor brought an action under Section 17 of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., seeking to enjoin the appellee from violating wage and hour provisions of the Act. The district court denied the relief sought and the Secretary has appealed.

The appellee, R. E. Sullivan, doing business as Sullivan Lumber Company, operates a sawmill in a rural area of Georgia where he employs about a hundred people. Herbert B. Todd is employed at the Sullivan mill as a lumber inspector. His work is performed in a shed which is apart from the mill. It is his duty to inspect, grade and occasionally tally lumber, primarily hardwood. His work is non-manual. He has a crew of five or six men working under his direction and supervision. "Probably sixty per cent" of the hardwood, according to Sullivan's testimony, is graded by the rules of the National Hardwood Association and the other forty per cent, more or less, is graded by the standards of the mill to meet the requirements of particular customers. He tallies about twenty-five per cent of the lumber he handles. All the lumber handled by him is inspected. He has no supervision except in a most general way by Sullivan himself. Prior to February 22, 1962, Todd was paid on a straight salary basis, and was not paid overtime compensation for his work exceeding forty hours a week although such excess was frequently worked. After February 22, 1962, Todd was working under an employment contract which complied with the provisions of Section 13(a)(1) of the Act and so was exempt from the minimum wage and overtime provisions of the Act.

Most of the employees of the mill reside in communities which are two to four miles from the mill. A few of the employees live nearby. The mill sometimes suspends operations for brief in-

tervals because of mechanical failures. These breakdowns were found by the district court to "occur at a rate of something less than once per week." If the damaged machinery can be repaired in thirty minutes or less, the men are compensated for their idle time, otherwise they are not. If a considerable time is required for making repairs, and the length of the time can be estimated, the employees are released and told to report at a specified time. Usually, however, when there is a breakdown the time required for making repairs cannot be estimated and the men are told to "stick around" so that they will be ready to resume work when repairs have been made. Some of the employees who live in the vicinity have sometimes gone to their homes when a breakdown occurred and, on occasion, have been sent for when repairs have been completed. For the most part, the men who are sticking around during a breakdown period engage in talking, smoking and drinking soft drinks purchased at the commissary.

The Secretary of Labor contended that Inspector Todd was not employed in an administrative capacity so as to be exempt from the minimum wage and overtime requirements during the period prior to February 22, 1962. The Secretary contended that the non-administrative employees were required to remain in the vicinity of the mill during the frequent, if irregular, work interruptions, and were entitled to have such waiting time counted as compensable working time under the Act.

In denying the injunctive relief sought by the Secretary, the district court made findings of fact and conclusions of law. It determined that Todd exercises discretion and independent judgment, does non-manual work directly related to the business operations of his employer, and qualifies as an administrative employee. As to the non-administrative personnel of the mill, the decision of the district court is thus stated:

"Since the employer is frequently unable to accurately estimate what time will be required to make the necessary repairs, the employer's practice of paying the employees for periods of breakdown up to thirty minutes' duration and not paying them for periods in excess of thirty minutes when they are knocked off seems to be a practical solution to this problem in this industry. There is no evidence that these breakdowns were planned by the employer in order to circumvent the Act and, as we see it, this is one of those cases which must be determined in accordance with common sense and the general concept of the employment. It is our conclusion that under the Act the employer here is not required to pay the employee for breakdowns in excess of thirty minutes. Whether the employer is required to pay for time less than thirty minutes is not at issue."

If this case involved only the hours of employment and the wages of Todd, we would not find it difficult to say that there had been no abuse of the court's discretion in denying an injunction. It appears that he is the only employee of his kind. He has no connection with the mill hands and works in a structure disconnected from the mill. He has been employed since February 22, 1962, under a contract made pursuant to Section 7(e) of the Act, 29 U.S.C.A. § 207(e). There is no reason to suppose that this contract will not remain in effect. Under these circumstances there was no error in refusing the injunction in so far as Todd was concerned. Mitchell v. Lublin, McGaughy & Associates, 358 U.S. 207, 79 S.Ct. 260, 3 L.Ed.2d 243.

The situation is different with respect to the employees at the mill who were not paid for the time they were off during breakdowns in excess of thirty minutes. The district court reasoned that the time lost in the breakdown is not for the benefit of either employer or employees, but is to the detriment of both, and is caused by unforeseen circumstances. The breakdown is not, of course, beneficial to the employer and not the re-

.sult of his choice. If the worker must :stick around so as to be ready to resume work when the whistle blows, there is a ·detriment to the worker. These employees, waiting at or near their place of ·work to resume work, were on duty and ·the time spent in waiting was time given ·by the employees to the employer. We ·conclude that the waiting time of the employees during breakdowns, since the employees are required or requested to remain, is working time for which the ·employees are entitled to compensation, ·at either regular or overtime rates. Armour & Co. v. Wantock, 323 U.S. 126, 65 :S.Ct. 165, 89 L.Ed. 118; Skidmore v. :Swift & Co., 323 U.S. 134, 65 S.Ct. 161, ·89 L.Ed. 124. The failure to make compensation to the employees for their waiting time resulted in violations of the Act.

Where the employer knew or ·clearly should have known that he was ·violating the wage and hour provisions of ·the Act, and no reasonable excuse for ·non-compliance is shown, the district ·court's discretion may be abused by the ·denial of an injunction, and such denial ·will be reversed as erroneous. Goldberg v. Cockrell, 5th Cir. 1962, 303 F.2d 811; ·Goldberg v. Mathews, 5th Cir. 1962, 303 F.2d 814; Mitchell v. Pidcock, 5th Cir. 1962, 299 F.2d 281; Mitchell v. Ballenger Paving Co., 5th Cir. 1962, 299 F.2d 297, ·cert. den. 370 U.S. 922, 82 S.Ct. 1565, 8 L.Ed.2d 503. Mitchell v. Jax Beer Distributors of Beaumont, Inc., 5th Cir. 1961, 290 F.2d 24; Mitchell v. Hausman, .5th Cir. 1958, 261 F.2d 778. In this case the appellee strenuously urged that there ·had been no violation of the Act. This, .as we have shown, was an erroneous view ·but it does not follow that the employer was acting in bad faith. We think this is a case where the district court should reexamine the factual situation in the light of this opinion and reach a deter·mination as to whether, in the exercise of its discretion, an injunction should issue. Mitchell v. Lublin, McGaughy & Asso·ciates, supra; Capitol Tomato Co. v. Goldberg, 5th Cir. 1962, 308 F.2d 401; Fleming v. Jacksonville Paper Co., 5th ·Cir. 1942, 128 F.2d 395, modified in oth-

er respects sub nom. Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S. Ct. 332, 87 L.Ed. 460.

The judgment of the district court is reversed and the case is remanded for further proceedings.

Reversed and remanded.