470 F.2d 965
 4 Fair Empl.Prac.Cas. 1123, 4 Empl. Prac.
Dec. P 7927
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,
v.
ROGERS BROTHERS, INC., Defendant-Appellee.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,
v.
Ben J. ROGERS, Sol J. Rogers, et al., Defendants-Appellees.
 No. 72-1783 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 July 20, 1972.
Rehearing Denied Aug. 14, 1972.
 
 Lutz Alexander Prager, Atty., EEOC., Washington, D. C., Alvaro Garza, Regional Counsel, EEOC., Dallas, Tex., for plaintiff-appellant.
 Robert Q. Keith, C. M. Bradford, Beaumont, Tex., for defendants-appellees.
 Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Equal Employment Opportunity Commission (EEOC) filed suit against six individual defendants and two partnerships[1] to compel their compliance with the reporting procedures prescribed by section 709(c) of the Civil Rights Act of 1964, 42 U.S.C.A. Sec. 2000e-8(c).[2] The disputed reports were eventually submitted to the Commission several months later during extensive pretrial proceedings. We vacate the summary judgment for the defendants insofar as it denies an injunction and remand with instructions that the District Court restrain future violations of the Act unless the defendants are able to show affirmatively that they will comply with the law and that an injunction is therefore not needed.
 
 
 2
 The assertion that the EEOC somehow has no standing to prosecute the present action must be flatly and unequivocally rejected. Beyond any possibility of doubt Congress conferred upon the Commission explicit statutory authority to seek judicial relief against an employer's willful noncompliance with the reporting provisions of Title VII.[3] Since the Act prescribes no other civil or criminal penalties for such noncompliance, an injunction is obviously the only effective remedy for a deliberate refusal to obey the law.
 
 
 3
 Moreover, the fact that the recalcitrant employers here have belatedly produced the reports under fire after an unsuccessful five-year effort by the Commission to secure voluntary compliance is of virtually no significance. "The power to grant injunctive relief survives the discontinuance of the illegal conduct sought to be enjoined. The purpose of an injunction is to prevent future illegal and wrongful acts. The [defendants'] past conduct is a relevant factor to be considered."[4] Offner v. Shell's City, Inc., 5 Cir., 1967, 376 F.2d 574, 576; United States v. Oregon State Medical Society, 1952, 343 U.S. 326, 333, 72 S.Ct. 690, 695-696, 96 L.Ed. 978, 985; Plaquemines Parish School Board v. United States, 5 Cir., 1969, 415 F.2d 817, 824; Bailey v. Patterson, 5 Cir., 1963, 323 F.2d 201, 205-206, cert. denied sub nom. City of Jackson v. Bailey, 1964, 376 U.S. 910, 84 S.Ct. 666, 11 L.Ed.2d 609; see also United States v. Edwards, 5 Cir., 1964, 333 F.2d 575, 581 (dissenting opinion) and cases cited therein. For an illustrative example of our traditional approach to situations in which employers have deliberately violated Federal legislation providing for fair employment, see Goldberg v. Mathews, 5 Cir., 1962, 303 F.2d 814.
 
 
 4
 While this record contains abundant evidence that the defendants have consistently declined in the past to submit the required reports, we are unwilling to make the initial forecast of what their course may be in the future. Nevertheless, we may hold on these facts that injunctive relief is mandatory unless the District Court finds on the basis of clear and convincing proof that there exists no reasonable probability of further noncompliance with the reporting provisions of the Act. United States v. Edwards, supra. The burden of negating that probability lies with the defendants, and in these circumstances it will be a monumental one. Cf. United States v. W. T. Grant Co., 1953, 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed. 1303, 1309; Goldberg v. Mathews, supra.
 
 
 5
 Vacated and remanded.
 
 
 
 *
 Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I
 
 
 [1]
 The complaint named Ben J. Rogers, Sol J. Rogers, Nathan Jay Rogers and Victor J. Rogers (doing business as Rogers Brothers) and Dr. N. Jay Rogers and Dr. S. J. Rogers (doing business as Texas State Optical). Although other defendants were initially involved, the Commission does not appeal from the District Court's determination that they were not "employers" within the meaning of Title VII
 
 
 [2]
 "Except as provided in subsection (d) of this section, every employer, employment agency, and labor organization subject to this subchapter shall (1) make and keep such records relevant to the determinations of whether unlawful employment practices have been or are being committed, (2) preserve such records for such periods, and (3) make such reports therefrom, as the Commission shall prescribe by regulation or order, after public hearing, as reasonable, necessary, or appropriate for the enforcement of this subchapter or the regulations or orders thereunder."
 The Commission's regulations amplifying the reporting requirements and prescribing a standard form "Employer Information Report EEO-1" are contained in 29 C.F.R. Sec. 1602.7-9.
 
 
 [3]
 "* * * if any person required to comply with the provisions of section 2000e-8(c) or (d) of this title fails or refuses to do so, * * * the United States district court for the district in which such person is found, resides, or transacts business, shall, upon application of the Commission, have jurisdiction to issue to such person an order requiring him to comply with the provisions of section 2000e-8(c) or (d) of this title * * *." 42 U.S.C.A. Sec. 2000e-9(b)
 
 
 [4]
 Texas State Optical has been here before under similar circumstances. See Rogers v. Equal Employment Opportunity Commission, 5 Cir., 1971, 454 F.2d 234, cert. denied, 1972, 406 U.S. 957, 92 S.Ct. 2058, 32 L.Ed.2d 343 (1972)