KATZMANN, Circuit Judge,
concurring:
I concur in the Court’s judgment and agree with its reasoning. I write separately to add my views on a question the Court’s opinion does not reach, namely, whether the Equal Employment Opportunity Commission (“EEOC”) or the defendant-employer should bear the burden of proving that injunctive relief is appropriate in cases where the defendant-employer has already been adjudged liable for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. (“Title VII” or “the Act”).
As the Court’s opinion notes, the moving party ordinarily bears the burden of “satisfy[ing] the court that [injunctive] relief is needed.” United States v. W.T. Grant Co., 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953); see also Winter v. Natural Res. Defense Council Inc., 555 U.S. 7, 32, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008) (noting that, generally, “[a]n injunction is a matter of equitable discretion”). However, this Court has also recognized that, in enacting Title VII, Congress explicitly “aimed to give courts broad discretion, in the exercise of their equitable powers, to fashion the most complete relief possible for victims of discrimination.” Gibson v. Am. Broad. Cos., 892 F.2d 1128, 1133 (2d Cir.1989); see also 42 U.S.C. § 2000e-5(g)(l) (“If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate.”).
The Supreme Court has construed section 2000e-5(g)(l) of Title VII as “not merely [granting district courts with] the power” to issue injunctive relief to remedy violations of Title VII, but imposing on them “the duty to render a decree which will so far as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future.” Albemarle Paper Co. v. Moody, 422 U.S. 405, 418, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975) (emphasis added). We have echoed this interpretation of the Act, holding that, upon a finding of “employment discrimination on the basis of race, color, religion, sex, or national origin, ... the responsibility of a court ... is to fashion equitable relief to make the claimant whole.” Nat’l Labor Relations Bd. v. Thalbo Corp., 171 F.3d 102, 110 (2d Cir.1999) (internal quotation marks and citations omitted); see also Equal Emp’t Opportunity Comm’n v. Local 638, 565 F.2d 31, 33 (2d Cir.1977) (affirming a district court’s ordering of equitable relief under Title VII, and stating that “[h]aving found a violation of the Act, the district court was not only within its power but under an obligation to fashion a remedy for the violation.”); Equal Emp’t Opportunity Comm’n v. Joint Apprenticeship Comm. of Joint Indus., 186 F.3d 110, 116 (2d Cir.1998) (“[W]hen a plaintiff establishes a defendant’s liability under Title VII, there is no discretion to deny injunctive relief completely.” (citing United States v. Gregory, 871 F.2d 1239, 1246 (4th Cir.1989))).
Courts of Appeals in several of our sister Circuits have interpreted the Supreme Court’s guidance that courts have a “duty” to use their equitable powers to remedy violations of Title VII to mean that, once a violation of Title VII is proven, injunctive relief is presumptively appropriate and the defendant-employer therefore bears the burden of establishing otherwise. See, e.g., Equal Emp’t Opportunity Comm’n v. *103 Goodyear Aerospace Corp., 813 F.2d 1539, 1544-45 (9th Cir.1987) (instructing that, on remand, “[i]f the EEOC proves its case, and [the defendant-employer] fails to prove the violation will likely not recur, the EEOC will be entitled to an injunction.”); Equal Emp’t Opportunity Comm’n v. Rogers Bros., Inc., 470 F.2d 965, 966-67 (5th Cir.1972) (per curiam) (upon finding of discrimination in a lawsuit brought by either the EEOC or a private litigant, “injunctive relief is mandatory unless the District Court finds on the basis of clear and convincing proof that there exists no reasonable probability of further noncompliance,” and specifying further that “[t]he burden of negating that probability lies with the defendants”) (cited in Equal Emp’t Opportunity Comm’n v. Service Temps, Inc., 679 F.3d 323, 338 (5th Cir.2012)) (holding that because injunctive relief is presumptively appropriate once a violation of Title VII is proven, “we need not address [the defendant’s argument] that there was an ‘absence of any evidence’ to support the EEOC’s request for injunctive relief’); see also, e.g., Equal Emp’t Opportunity Comm’n v. Harris Chemin, Inc., 10 F.3d 1286, 1292 (7th Cir.1993) (suggesting that the EEOC is ordinarily entitled to injunctive relief where it proves a violation of Title VII and the defendant-employer fails to prove that the violation is not likely to recur); Equal Emp’t Opportunity Comm’n v. Massey Yardley Chrysler Plymouth, Inc., 117 F.3d 1244, 1253-54 (11th Cir.1997) (favorably citing Harris Chemin, 10 F.3d 1286, and “concluding] that the district court abused its discretion in turning down all equitable relief out of hand” and “remand[ing] the case to the district court so that it can grant the requested relief’ unless it “finds persuasive reasons to deny particular items of relief’).
I agree with the Court’s conclusion that, in order to resolve the instant appeal, we need not determine whether injunctive relief is presumptively available once a violation of Title VII is established. Under any standard, the district court abused its discretion in denying all the EEOC’s requested injunctive relief against Defendant-Appellee KarenKim, Inc. However, I agree with my colleagues in the Fifth, Seventh, Ninth, and Eleventh Circuits that the most natural way to practically effectuate the Supreme Court’s guidance that Title VII grants courts with “not merely the power” but “the duty” to remedy violations of the Act through injunctive relief would be to shift the burden of proving the appropriateness of such relief onto the defendant-employer once liability under the Act is established. In other words, I would hold that, after a finding of liability, the defendant-employer bears the burden of establishing that there is no “cognizable danger” that it will engage in “recurrent violation[s]” of the Act. W.T. Grant, 345 U.S. at 633, 73 S.Ct. 894. It is not my view, of course, that the EEOC or a private plaintiff should be entitled to any injunctive relief it proposes. Rather, I believe that, once liability under Title VII is established, the defendant-employer should first bear the burden of proving that equitable relief is not necessary to prevent the unlawful conduct from recurring; if the defendant-employer cannot meet its burden, then I believe a district court should be charged with determining, in its discretion, which specific forms of injunctive relief are necessary to prevent reoccurrence of the misconduct.