Edward NISHNIC, et al., Plaintiffs,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Defendant.

Civ. A. No. 86–2802–LFO.

United States District Court,
District of Columbia.

May 15, 1987.

See also 671 F.Supp. 776.

John H. Broadley, Gregg Daffner, Herbert F. Janick, III, Jenner & Block, Washington, D.C., for plaintiffs.

Joseph E. diGenova, U.S. Atty., Royce C. Lamberth, Robert C. Seldon, Asst. U.S. Attys., Washington, D.C., for defendant; Bruce J. Einhorn, Martin H. Sachs, Marshall Williams, U.S. Dept. of Justice, Washington, D.C., of counsel.

## MEMORANDUM

OBERDORFER, District Judge.

### I.

In this Freedom of Information Act ("FOIA") suit, the plaintiffs seek access to documents relating to the investigation and subsequent denaturalization of John (a/k/a Ivan) Demjanjuk by the Justice Department's Office of Special Investigations ("OSI"). In a Memorandum and Order dated March 16, 1987, defendant's February 13, 1987 motion for partial summary judgment was denied and defendant was ordered to file a renewed motion with an accompanying Vaughn affidavit on or before April 6, 1987. That renewed motion has been filed and has been opposed by the plaintiffs. For the reasons stated below,

defendant's motion for partial summary judgment will be granted in part.

Defendant's renewed motion for partial summary judgment concerns 31 reports of investigation ("ROI") which were prepared by the Justice Department for use in litigation against Mr. Demjanjuk. These ROIs were prepared by OSI investigators or historians at the direction of OSI attorneys assigned to this litigation. For identification purposes, these reports have been assigned numbers from 103–33. One document has been released in full (Doc. 106); four documents have been released in part (Docs. 103–05, 131); the remaining twenty-six documents have been withheld in full. The bulk of the reports are accounts of interviews with potential witnesses (Docs. 107–15, 117–127, 129–30, 132–33); two discuss the results of historical research (Docs. 116–128); the remaining five cover miscellaneous topics such as efforts to locate witnesses or copy videotapes of depositions (Docs. 103–06, 131). Defendant's renewed motion is accompanied by a lengthy affidavit which describes the subject matter of each document in general terms, and discusses the exemptions which defendant claims are appropriate. *See* Affidavit of Neal M. Sher, Director, Office of Special Investigations, attached to Defendant's Renewed Motion for Summary Judgment ("Sher Affidavit"). In addition, defendant has provided a chart which notes the exemptions claimed for each document and cross references the rationales provided in defendant's affidavits.

## II.

Defendant argues that all but five of the 31 ROIs are exempt from disclosure in this FOIA suit due to the work product privilege (Docs. 107–30, 132–33). Exemption 5 of FOIA protects from disclosure "interagency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5) (1976). The Supreme Court has construed this provision to "exempt [from disclosure] those documents, and only those documents, normally privileged in the civil discovery context." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149, 95 S.Ct. 1504, 1516, 44 L.Ed.2d 29 (1975). The Court has also determined that "Congress had the attorney's work-product privilege specifically in mind when it adopted Exemption 5...." *Id.* at 154, 95 S.Ct. at 1518.

■ All of these investigative reports were prepared by the Justice Department in anticipation of or preparation for litigation against Mr. Demjanjuk. Thirty of the thirty-one reports were prepared between 1979 and 1980 for use in the pending *Demjanjuk* denaturalization litigation which began on August 25, 1977. Document No. 106, which has been released in full, was prepared by an INS investigator on September 29, 1976. Defendant's position is simple: these investigative reports are "quintessential" work product. All but two of the reports which defendant asserts are work product are accounts of witness interviews similar to the reports at issue in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 685, 91 L.Ed. 451 (1947). These accounts are not verbatim statements; instead, they "reflect the thought processes of OSI, INS and their attorneys with regard to witnesses, evidence, and potential prosecutions." Defendant's Motion for Partial Summary Judgment at 2. Document 116 is a report which was prepared "upon the request of an OSI attorney to visit two private record repositories and conduct research there into the war time operation of two Nazi death camps." *See* Sher Affidavit at ¶ 26. The report reflects the OSI historian's research at the record repositories and his conversations with persons there. *See id.* Document No. 128 is an OSI historian's report of his archival research into captured German war records. *See id.* at ¶ 28. This report was prepared at the request of an OSI attorney and contains the opinion of the investigator concerning the possible use of expert evidence. *See id.;* Declaration of L. Jeffrey Ross attached to Defendant's Motion for Partial Summary Judgment ("Ross Declaration") at ¶ 10.

Plaintiffs no longer dispute that these reports were prepared under the supervision of an attorney in anticipation of litiga-

tion and that parts of them may be protected under the work product exemption.[1] However, they argue that all factual material contained in these reports must be segregated and released. According to the plaintiffs, only those parts of the ROIs that reveal the attorney's theory of the case or his "mental impressions" are exempt. *See* Plaintiffs' Memorandum in Opposition to Defendant's Motion for Summary Judgment ("Plaintiffs' Opposition") at 5–9. This proposition is not an accurate statement of the law in the civil discovery context. Rule 26(b)(3) protects against the disclosure of all "documents and tangible things ... prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative (including his attorney, consultant, surety, indemnitor, insurer or agent)." Absent a showing of "substantial need," these documents are privileged and the factual material contained therein need not be separated from the mental impressions or legal theories for release.[2] *See, e.g., Hickman,* 329 U.S. at 508–12, 67 S.Ct. at 392–93; *Mervin v. FTC,* 591 F.2d 821, 826 (D.C.Cir. 1978).

█ Although plaintiffs do not clearly articulate this argument, they appear to be asserting that the scope of the work product privilege *under FOIA* is different from the scope of this privilege under the Federal Rules and the civil discovery case law. In support of this segregability theory, plaintiffs rely primarily on cases interpreting the scope of the deliberative process privilege in FOIA suits. In *EPA v. Mink,*

410 U.S. 73, 87–88, 93 S.Ct. 827, 836, 35 L.Ed.2d 119 (1973), for example, the Supreme Court held that

> in the absence of a claim that disclosure would jeopardize state secrets, memoranda consisting only of compiled factual material or purely factual material contained in deliberative memoranda and severable from its context would generally be available for discovery by private parties in litigation with the Government.

The Court therefore held that such material was not exempt under the deliberative process privilege in a FOIA action. *See also Playboy Enterprises, Inc. v. Department of Justice,* 677 F.2d 931 (D.C.Cir. 1982). Plaintiffs urge that this holding should be extended to claims of privilege under the work product doctrine. They cite to *Robbins Tire & Rubber Co. v. NLRB,* 563 F.2d 724, 735 (5th Cir.1977), *reversed on other grounds,* 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978), in which the court held that Congress did not mean to "incorporate *Hickman* in all its complexity into exemption 5 as a sort of direct legal transplant." *Id.* at 734. In that case, the court found that in enacting exemption 5 to the FOIA, Congress intended to protect only against disclosures of governmental policy-making processes. For that reason, it held that "purely factual material, such as verbatim witness statements must not fall within [exemption 5], whether the agency urges upon us the executive or the work-product privilege." *Id.* at 735; *see also Deering Milliken, Inc. v. Irving,* 548 F.2d 1131, 1138 (4th Cir.1977).[3]

---

1. Plaintiffs' opposition to defendant's motion for a protective order suggested that some of the ROIs may have been prepared before litigation against Mr. Demjanjuk was anticipated. *See* Plaintiffs' Opposition to Defendant's Motion for a Protective Order at 19. That claim has apparently been dropped in light of the further disclosures made by defendant in its renewed motion for summary judgment. Similarly, plaintiffs have also not reiterated the claim that the investigators who prepared these reports may not have been supervised to a sufficient degree by OSI or INS attorneys. *See id.* at 20.

2. Of course, the·work product doctrine does not protect against the disclosure of the facts contained in these documents through *other* discovery methods such as interrogatories or depo-

sitions. *See generally,* 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2023 at 194.

3. Plaintiffs also cite to *Poss v. NLRB,* 565 F.2d 654 (10th Cir.1977). In that case, the court held that notes taken by an investigator of the National Labor Relations Board during interviews and affidavits given by persons interviewed were not exempt from disclosure as attorney work-product under Exemption 5. The court rested its holding on the fact that the notes and affidavits were not "inter-agency or intra-agency memoranda or letters." The court also noted "[n]or would such notes or affidavits be deemed the work product of an attorney. See, for example, *N.L.R.B. v. Sears, Roebuck & Co.,* 421 U.S. 132, at pp. 154, 155, 95 S.Ct. 1504[, at pp.

There are two reasons why *Robbins Tire & Rubber Co.* does not apply to this case. First, it speaks only of *verbatim* witness statements. Defendant has repeatedly emphasized that the reports in this case are *not* verbatim witness statements. Instead, these reports discuss the information the investigators found relevant and evaluate the potential usefulness of the witnesses in the then pending *Demjanjuk* case. *See* Ross Declaration at ¶ 10; Sher Affidavit at ¶ 5(b). Second, to the extent that *Robbins Tire & Rubber Co.* indicated that the factual/deliberative distinction of *EPA v. Mink*, 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973), should be applied to material which is protected by the work product privilege, it has not been adopted by the Court of Appeals in this Circuit. In *Mervin v. FTC*, 591 F.2d 821 (D.C.Cir.1978), the plaintiff sought disclosure of the factual portions of agency memoranda regarding his dismissal. The Court stated that "[w]e agree with the District Court and with the government that it would not be appropriate to sever factual material out of the memoranda at issue here." *Id.* at 825. The Court noted that "[a]n important part of what is protected by the privilege for attorney work-product is the attorney's consideration and weighing of the facts. Because of this, even factual material segregated from attorney work-product is likely to reveal some of the attorney's tactics and stategic thoughts." *Id.* at 826. And it explicitly declined to apply precedents involving the deliberative process privilege, noting that "[t]he likelihood that factual material will be segregable is smaller in cases dealing with the attorney work-product than in cases dealing with the governmental deliberative process." *Id.* at 827. *See also Exxon Corp. v. Federal Trade Commission*, 663 F.2d 120, 129 (D.C.Cir. 1980); *Bristol-Myers Co. v. FTC*, 598 F.2d 18, 29 (D.C.Cir.1978).

While the Supreme Court has never specifically considered whether factual material contained within documents which are covered by the work product privilege must be produced in a FOIA suit, *see NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 219 n. 4, 98 S.Ct. 2311, 2315 n. 4, 57 L.Ed.2d 159 (1978), the Court's most recent FOIA opinions suggest that it is unlikely to interpret the scope of the privilege differently in the FOIA context than it has in the civil discovery context. As noted above, the Court held, in *NLRB v. Sears, Roebuck & Co.*, 421 U.S. at 149, 95 S.Ct. at 1515, that "Exemption 5 [exempts] those documents, and only those documents, normally privileged in the civil discovery context." More recently, in *FTC v. Grolier*, 462 U.S. 19, 103 S.Ct. 2209, 76 L.Ed.2d 387 (1983), the Court held that " 'Exemption 5 incorporates the privileges which the Government enjoys under the relevant statutory and *case law* in the pretrial discovery context.' " *Id.* at 27, 103 S.Ct. at 2214, quoting *Renegotiation Board v. Grumman Aircraft Engineering Corp.*, 421 U.S. 168, 184, 95 S.Ct. 1491, 1500, 44 L.Ed.2d 57 (1975) (emphasis in original). In *Grolier*, the Court held that an attorney's work product is exempt from mandatory disclosure under exemption 5 without regard to the status of the litigation for which it was prepared. In reaching this holding, the Court considered whether this material would normally be available in civil discovery. More recently, in *United States v. Weber Aircraft Corp.*, 465 U.S. 792, 104 S.Ct. 1488, 79 L.Ed.2d 814 (1984), the Court reiterated its holding in *Grolier* that "Exemption 5 simply incorporates civil discovery privileges." *Id.* at 799, 104 S.Ct. at 1492. The Court noted that the "contention that [plaintiffs] can obtain through the FOIA material that is normally privileged would create an anomaly in that FOIA could be used to supplement civil discovery." *Id.* at 801, 104 S.Ct. at 1493. These decisions indicate that exemption 5 does indeed incorporate the work product

1518], for a discussion of this matter." 565 F.2d at 659. The cited pages do not hold that attorney notes or affidavits prepared in anticipation of litigation are not attorney work product. Instead, *NLRB v. Sears, Roebuck & Co.* held only that "whatever the outer boundaries of the attorney's work product rule are," they do not include NLRB Appeals and Advice Memoranda which conclude that no complaint should be filed and which have the effect of finally denying relief to the charging party. *See* 421 U.S. at 154–55, 95 S.Ct. at 1518.

doctrine of *Hickman v. Taylor* and Federal Rule of Civil Procedure 26(b)(3).

■ For these reasons, the 24 witness interview reports and the 2 historical research reports fall within the work product privilege incorporated in exemption 5. However, plaintiffs also assert that summary judgment on this ground is inappropriate because defendant has failed to establish that it has not waived its work product privilege with respect to any of the ROIs. Plaintiffs note that "[i]t appears that a substantial volume of materials located in the INS office in Cleveland was made available by INS to third parties." Plaintiffs' Opposition at 14–15. Plaintiffs do not suggest that any of the ROIs were among the documents released. Instead, they argue only that "[d]isclosure of these documents suggests that defendant is not really serious about maintaining the confidentiality of these files." Plaintiffs' Opposition at 15. The fact that other OSI or INS documents have been released does not support an inference that defendant has waived its work product privilege with respect to the documents at issue here. As to these materials, defendant has stated unequivocally that "[n]one of the 31 ROI's has ever been given or shown to the Israeli government or its officials, or indeed any persons or parties not affiliated with the United States Department of Justice." Defendant's Reply to Plaintiffs' Opposition to Partial Summary Judgment at 9.

Defendant has not stated, however, that none of the information contained in these ROIs has been shared with the Israeli authorities. And plaintiffs point to a June 3, 1986 OSI memorandum that refers to "our office's aid to Israel" as evidence that such information has been shared.[4] However, even if this is the case, the relevant case law does not support the conclusion that the Department has waived any work product objection. In *United States v. American Telephone and Telegraph Co.*, 642 F.2d 1285 (D.C.Cir.1980), the court declined to apply the "strict standard of waiver in the attorney-client privilege context" to a work product waiver claim, *id.*, at 1299,

and held that the mere showing of voluntary disclosure to third parties should not waive the work product privilege. *See id.* Instead, a waiver of the work product privilege must turn upon whether the transferor and transferee have "common interests," i.e., whether they "anticipate litigation against a common adversary on the same issue or issues." *Id.* at 1299. It can not be denied that the Department of Justice and the Israeli government have been involved in litigation against a common adversary on the same (or very similar) issues. Therefore, even if some of the information in the ROIs was shared with the Israeli government, the OSI has not waived its work product privilege with respect to these reports in this FOIA request.

Accordingly, the accompanying order will grant defendant's motion for summary judgment with respect to documents 107–130, 132–33. In light of this determination, there is no need at this time to consider defendant's claim that portions of these documents are also exempt under the deliberative process privilege, 5 U.S.C. § 552(b)(5), and the exemption for "investigative records compiled for law enforcement purposes, but only to the extent that production of such records would interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A).

### III.

■ Defendant has also withheld portions of four documents which admittedly are not covered by the work product privilege (Docs. 103–05, 131). Defendant's use of exemption 2, which protects against disclosure of "matters that are related soley to internal personnel rules and practices of an agency," to delete all internal OSI file numbers is entirely reasonable. The applicability of exemptions 6 ("personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy"), 5 U.S.C. § 552(b)(6), and 7(C) ("investigatory records compiled for law enforcement purposes, but only to the extent that the pro-

---

**4.** How plaintiffs obtained a copy of this internal OSI memorandum is a continuing mystery.

duction of such records would constitute an unwarranted invasion of personal privacy"), 5 U.S.C. § 552(b)(7)(C), to the names of OSI investigators and witnesses which appear in the ROIs presents a more difficult question. It is apparent that these issues have also been raised in connection with defendant's second motion for partial summary judgment which was filed on April 20. Consideration of the exemption 6 and 7(C) claims raised with respect to documents 103–05 and 131 will therefore be stayed pending resolution of this second motion.

## IV.

The March 16, 1987 Memorandum suggested that defendant might be required to submit these reports for *in camera* inspection to segregate out any factual material they might contain. The defendant's renewed motion for summary judgment, and a more complete investigation of the case law, demonstrates that *in camera* review would not be justified. While these reports of interviews and historical research undoubtably contain factual material, defendant's motion demonstrates that they were prepared by OSI for use in the *Demjanjuk* litigation and that their release (in partial or complete form) is likely to reveal the "tactics and strategic thoughts" of OSI's attorneys. *See Mervin v. FTC*, 591 F.2d at 826.

As stated in the March 16 Memorandum, the Court remains concerned about the possibility that the time required for administrative processing and court review of plaintiffs' claims might prevent timely recovery of arguably exculpatory evidence. *See* Memorandum of March 16, 1987 at 10–11. Accordingly, this Memorandum is being issued as rapidly as possible and the accompanying order will enter judgment on documents 107–130 and 132–33 under Federal Rule of Civil Procedure 54(b) so that either party may seek appellate review without awaiting a disposition with respect to the remaining documents.

## ORDER

For the reasons stated in the accompanying memorandum, it is this 15th day of May, 1987, hereby

ORDERED: that defendant's renewed motion for summary judgment should be and is hereby GRANTED in part in that Documents 107–130 and 132–33 are exempt from disclosure under 5 U.S.C. § 552(b)(5). Consideration of defendant's motion for summary judgment with respect to portions of Documents 103–05 and 131 will be STAYED pending decision on defendant's second motion for partial summary judgment; and it is further

ORDERED: that, there being no just reason for delay, judgment on plaintiffs' claim for relief with respect to Documents 107–130 and 132–33 should be, and is hereby, entered for defendant and against plaintiffs.