**THURNER HEAT TREATING CORP.,**
Plaintiff–Appellee,

v.

**NATIONAL LABOR RELATIONS BOARD, Defendant–Appellant.**

No. 87–1814.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 30, 1987.

Decided Feb. 16, 1988.

Corinna L. Metcalf, N.L.R.B., Washington, D.C., for defendant-appellant.

John C. Patzke, Brigden & Petajan, S.C., Milwaukee, Wis., for plaintiff-appellee.

Before CUMMINGS, WOOD and MANION, Circuit Judges.

CUMMINGS, Circuit Judge.

Plaintiff Thurner Heat Treating Corporation is a Wisconsin corporation with its place of business in Milwaukee. In September 1981, a charge against Thurner was filed with the National Labor Relations Board ("NLRB" or "Board") and the Board subsequently issued a complaint. To aid its preparation of a defense, Thurner relied on the Freedom of Information Act, 5 U.S. C. § 552 ("FOIA" or "Act"), and requested that the Board disclose all records or other documents in the Board's case files that involved Thurner. The Board partially denied Thurner's request and Thurner filed

this civil action to gain access to the undisclosed documents. In September 1982 the complaint that generated the case file and precipitated the FOIA request was withdrawn and the charge was dismissed. Although this FOIA litigation continues, no underlying labor matter involving Thurner has been pending before the Board since then.

Regarding its partial denial of Thurner's FOIA request, the Board claimed that the disputed documents were wholly or in part exempt from the disclosure requirements of FOIA under three of its provisions, Exemption (b)(5), 5 U.S.C. § 552(b)(5), and Exemptions (b)(7)(C) and (D), 5 U.S.C. § 552(b)(7)(C) and (D). The district court rejected the Board's argument that affidavits of witnesses who are not government employees but who are instead current or former employees of the plaintiff are "intra-agency memorandums" exempt from disclosure under Exemption (b)(5). The court, however, found the Board's Exemption (b)(7)(C) and (D) arguments persuasive and ordered the Board to submit all of the affidavits, along with suggestions as to how the affidavits could be redacted, to the court for *in camera* inspection.

To secure an immediate appeal of this interlocutory order, the Board agreed that if it did not succeed before this Court on its Exemption (b)(5) argument, on remand it would waive its reliance on Exemptions (b)(7)(C) and (D). The Board has gambled and lost. We affirm the district court's rejection of the Board's Exemption (b)(5) argument and, since its possibly more meritorious arguments were waived, the affidavits, in unredacted form, must be released to Thurner.

## I

FOIA is structured so that virtually every document held by a federal agency [1] is available to the public in one form or another unless it falls within one of the Act's nine exemptions. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136, 95 S.Ct. 1504, 1509, 44 L.Ed.2d 29 (1975). Consistent with the statutory philosophy of broad disclosure, courts are to take care to construe the exemptions "as narrowly as consistent with efficient Government operation." S.Rep. No. 813, 89th Cong., 2d Sess. 9 (1965); see also *United States v. Weber Aircraft Corp.*, 465 U.S. 792, 802, 104 S.Ct. 1488, 1494, 79 L.Ed.2d 814 (1984); *FTC v. Grolier, Inc.*, 462 U.S. 19, 23, 103 S.Ct. 2209, 2212, 76 L.Ed.2d 387 (1983); *Dep't of the Air Force v. Rose*, 425 U.S. 352, 360–361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976).

The specific exemption involved here protects from disclosure those federal "inter-agency or intra-agency memorandums or letters which would not be available to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). This exemption contains two separate conditions and both must be satisfied before a document will be protected from disclosure. First, the document must be either an inter-agency or intra-agency memorandum or letter. Second, that memorandum or letter must be immune from discovery in litigation against the agency.

The Supreme Court cases that have delineated the scope of this exemption have focused on the second condition and incrementally developed a definition of immunity from discovery in the context of FOIA that incorporates the definition of work product developed in civil discovery cases. See, *e.g.*, *United States v. Weber Aircraft Corp.*, 465 U.S. 792, 104 S.Ct. 1488; *FTC v. Grolier, Inc.*, 462 U.S. 19, 103 S.Ct. 2209; *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 95 S.Ct. 1504. No parallel case law exists defining "intra-agency" in the context of the evolving definition of immunity from discovery. Instead, in *Weber*, the Supreme Court expressly left open the precise question presented by this case: whether statements made by non-agency employees to agency employees are "intra-agency memorandums or letters". *Weber*, 465 U.S. at 798 n. 13, 104 S.Ct. at 1492 n. 13.

---

**1.** The Act defines "agency" as "each authority of the Government of the United States" with immaterial exceptions. The NLRB is such an authority.

## II

The documents at issue in this case are forty-eight affidavits by current and former Thurner employees. In response to Thurner's FOIA request, the Board released twenty-seven of the disputed affidavits to Thurner in redacted form; the other twenty-one the Board refuses to release in any form. These forty-eight affidavits are the last items still in dispute out of the original 2,139 documents listed in the ninety-nine page *Vaughn* Index[2] the NLRB produced in response to Thurner's FOIA requests.

The exact nature of these affidavits is critical to this decision, but the Court has been hampered in the decision-making process by incomplete and conflicting information. Because the NLRB refuses to release the full forty-eight affidavits to Thurner and has avoided *in camera* inspection by the district court through this interlocutory appeal, the NLRB is the only party with complete knowledge of the contents of the affidavits. Yet it failed to submit an affidavit of its own, or any other form of proof, to support its position that the employee affidavits are intra-agency memoranda. The effect of this failure was exacerbated by the parties' differing characterization of the affidavits both in their briefs and at oral argument.

Both parties agree on three key facts concerning the affidavits: (1) the affiants are or were employees of Thurner rather than of the government; (2) the affidavits were recorded by agents of the NLRB; and (3) the affidavits are not verbatim records of the employees' statements to the NLRB agents. The parties disagree on the extent to which each affidavit is a statement of fact by the affiant rather than an edited distillation with some analytic input by the NLRB agent.

 The Board admitted at oral argument that its agents who took these affidavits "will try to use some of the language of the witness," but contended that this is only "so that when the witness reads it later he can say, 'Yes, I said this and this is what happened.'" The Board argued that the questioning, and thus what is in the sworn statement, "is always in the control of the agent." Thurner admitted at oral argument that the NLRB agents "do not write verbatim statements," but contended that by this it meant only that everything "the affiant stated was not necessarily going to be recorded." In response to the Board's assertion that the agent controlled the statement, Thurner pointed out that "these affidavits are initialed and an affiant on an NLRB affidavit is offered the opportunity to cross out and initial anything which is inaccurate, so it is indeed their statement." From these facts we conclude that the affidavits are the product of the Thurner employees who made the statements rather than of the NLRB agents who recorded them.

The agency's own earlier categorization of the affidavits supports our conclusion. Joseph A. Szabo, the Director of the Milwaukee Regional Office of the NLRB, submitted an affidavit to the district court in July 1986 that, among other things, categorized each of the approximately 450 documents listed in the final *Vaughn* Index. The NLRB created the following categories: (1) Affidavits, (2) Employee Authorization Cards or Anti–Union Petitions, (3) Advice Memoranda, (4) Agenda Minutes, (5) Medical Reports, (6) Investigative Memoranda and (7) Intra–Agency Memoranda. The agency listed the forty-eight disputed documents as "Affidavits," not as "Intra–Agency Memoranda." (Board Exhibit 1 to

---

**2.** In FOIA litigation the agency bears the burden of sustaining its action of withholding documents. 5 U.S.C. § 552(a)(4)(B). The agency resisting disclosure must provide sufficient information to enable the party seeking disclosure to frame its request with precision and to enable the court to make an informed ruling on the claim of privilege. This information is usually provided by itemizing and indexing the documents at issue and correlating each withheld document with a specific FOIA exemption. Such an itemization has become known as a *Vaughn* Index after the District of Columbia Circuit case which fashioned it. *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), certiorari denied, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873. See *Wright v. Occupational Safety and Health Administration*, 822 F.2d 642, 645 (7th Cir.1987); *Antonelli v. Drug Enforcement Administration*, 739 F.2d 302, 303 n. 1 (7th Cir.1984).

its motion to reconsider district court's July 16, 1986, production order, at pp. 9–13).

■ For the purpose of Exemption (b)(5), affidavits are memoranda. *Weber*, 465 U.S. at 798, 104 S.Ct. at 1492. Therefore if the NLRB considered the statements at issue in this case "intra-agency memoranda" it could, and should, have included them in that category. If the NLRB listed the statements as affidavits because it was trying to provide the court with as detailed a breakdown as possible, it could have categorized the statements as "Intra–Agency Affidavits." In the Szabo affidavit the Board divided memoranda into three descriptive groups (Advice Memoranda, Investigative Memoranda and Intra–Agency Memoranda) and it would have been consistent, logical, and simple to do the same for the affidavits if it had considered any of them to be intra-agency. Even in its brief before us, the Board has often termed the documents "employee affidavits," hardly a proper description for what it would like us to consider intra-agency memoranda.

### III

Despite our concluding that the affidavits are the product of Thurner's employees, not NLRB agents, the Board would still maintain that they are intra-agency. Its position rests on the asssertion that the plain meaning of "intra-agency" is simply "within an agency" and that this does not denote origin, but only location or possession. However, the Board's definition of "intra-agency" renders the term meaningless by defining it out of existence. The only documents a party will request from an agency are documents in that agency's possession, assuming possession includes control. As a result the "inter-agency or intra-agency" requirement of Exemption (b)(5) would be eliminated, so that it in effect would read "any memorandums and letters which would not be available to a party other than an agency in litigation with the agency."

It is a basic rule of statutory construction that, if possible, effect is to be given to each and every word, clause and sentence in a statute, and a construction that results in any portion of a statute being superfluous should be avoided. See *Merrill Lynch, Pierce, Fenner and Smith, Inc. v. Devon Bank*, 832 F.2d 1005, 1008 (7th Cir.1987); *Smith v. Sno Eagles Snowmobile Club, Inc.*, 823 F.2d 1193, 1196 (7th Cir.1987); *Water Quality Ass'n Employees Benefit Corp. v. United States*, 795 F.2d 1303, 1309 (7th Cir.1986). As demonstrated below, it is possible to give full effect to the term "intra-agency"; therefore we do so.

■ The plain meaning of "intra-agency" is, as the Board asserts, "within an agency," but Congress intended within an agency to refer to "internal" documents, not to documents that happen to be in the possession of the agency. The House Report explaining this exemption refers to *"internal* communications" and *"internal* memorandums." H.R.Rep. 89th Cong., 2d Sess. 10 (1965) (emphasis added). In addition, the agency concern that precipitated this exemption was that the exchange of ideas among agency personnel would not be completely frank if they were forced to "operate in a fishbowl." *Id.* Reading "intra-agency" as internal agency gives full effect to the language of the Act and is consistent with the agency concern and the legislative intent behind the Act.

Reading "intra-agency" as internal is also consistent with the approach taken by the Ninth Circuit in *Van Bourg, Allen, Weinberg & Roger v. NLRB*, 751 F.2d 982 (1985). There "[n]one of the six contested documents was prepared as an internal document, by an NLRB official, or for any NLRB attorney as part of litigation." *Id.* at 985. In the present case, the affidavits were taken from plaintiff's employees by NLRB officials for use in possible litigation. Although *Van Bourg* is therefore factually distinguishable, the court's approach to the law is instructive. The disputed documents in *Van Bourg* were clearly in the possession of the NLRB; yet the court held that they were not intra-agency documents. Its holding contradicts the Board's contention that "intra-agency" means in the possession of the agency. In addition, throughout its discussion of Ex-

emption (b)(5), the court in *Van Bourg* used "internal" as a synonym for "intra-agency," thus supporting our definition.

Our review of the record and the arguments made by both parties on appeal convinces us that the employee affidavits at issue are not the type of *internal* communications Congress intended when it drafted the "intra-agency" requirement.

## IV

The recent case law relied on by the Board in seeking an interlocutory appeal and also on appeal supports our conclusion. First, in its motion to stay the district court's order and for certification to this Court (R. Item 41), the Board represented to the district court that "this very legal issue of attorney work product under a similar factual setting has been briefed and is currently awaiting decision before the Sixth Circuit Court of Appeals in" *Kilroy v. NLRB*. Prior to oral argument before us in this case the Sixth Circuit handed down its *per curiam* opinion in *Kilroy v. NLRB*, 823 F.2d 553 (6th Cir.1987). In its unpublished opinion, the Sixth Circuit held that the charging party statements withheld by the NLRB were not inter- or intra-agency documents. Then, because Exemption (b)(5) by its terms applies only to inter- or intra-agency documents, the court did not find it necessary to reach the work product part of the exemption and affirmed the district court's order releasing the documents. *Kilroy v. NLRB*, 823 F.2d 553 (6th Cir.1987).

Although the NLRB relied on the then pending Sixth Circuit case when it argued below for this interlocutory appeal, at oral argument counsel for the NLRB dismissed the *Kilroy* decision because it "merely stated that they are not intra-agency memorandum and therefore not protected" and it did not "explain why the protection is not applicable to the Board."

The statement by the Sixth Circuit that the charging party statements are not intra-agency memoranda is "mere" only in the sense that nothing more is required to hold that Exemption (b)(5) does not apply. Furthermore, the Sixth Circuit explained its reasoning by adopting the following from the Ninth Circuit's opinion in *Van Bourg*, 751 F.2d at 985:

> Because these documents are not internal, *Weber* [*Aircraft Corp.*, 465 U.S. 792, 104 S.Ct. 1488] does not apply. We need not decide whether any civil discovery privileges would protect these documents because exemption 5 by its terms applies only to internal agency documents or documents prepared by outsiders who have a formal relationship with the agency.

As to the Board's complaint that no court has explained why the protection of Exemption (b)(5) is not available to the Board for memoranda that are neither inter- nor intra-agency, the answer is that Congress chose not to include such documents in Exemption (b)(5). We agree with the Fifth Circuit that "affidavits given by the person interviewed * * * do not constitute interagency or intra-agencies [sic] memorandum[s] or letters," so that Exemption (b)(5) "is clearly inapplicable." *Poss v. NLRB*, 565 F.2d 654, 659 (1977).[3]

In its brief and in oral argument the Board relied heavily on *Martin v. Office of Special Counsel, Merit Systems Protection Board*, 819 F.2d 1181 (D.C.Cir.1987). This reliance is misplaced. Although *Martin* provides support for the Board's position on the inclusion of factual affidavits in the definition of work product, on the separate issue of whether non-government employee affidavits are intra-agency memorandums *Martin* provides implicit support to Thurner's position.

The plaintiff seeking documents from the Merit Systems Protection Board in *Martin* argued that Exemption (b)(5) did not apply

---

3. See also *Deering Milliken, Inc. v. Irving*, 548 F.2d 1131, 1137–1138 (4th Cir.1977); *NLRB v. Robbins Tire & Rubber Co.*, 563 F.2d 724 (5th Cir.1977), reversed on other grounds, 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978); *Joseph Horne Co. v. NLRB*, 455 F.Supp. 1383, 1387 (W.D.Pa.1978); *Title Guarantee Co. v. NLRB*, 534 F.2d 484, 492–493 n. 15 (2d Cir.1976) (collecting cases). These cases antedate *Weber* and rely on the factual nature of the documents to support their conclusions. Their tenor nevertheless supports our position.

because the documents she requested were not "inter-agency or intra-agency memorandums." *Id.* at 1186. "She allege[d], without evidence, that some of the witnesses whose statements ... [were] at issue [t]here were not government employees at the time the statements were made." *Id.* But because the agency "specifically assure[d] ... [the court] that all the witnesses were employees of the Air Force at the time of their statements," the District of Columbia Circuit of course rejected Martin's argument that statements of witnesses who are not government employees cannot be intra-agency documents. *Id.* at 1186–1187. It is noteworthy that the court rejected the argument as a factual matter, not as a legal position.

The second recent case cited by the Board, *Nishnic v. United States Department of Justice*, 671 F.Supp. 771 (D.D.C. 1987), affirmed without opinion, 828 F.2d 844 (D.C.Cir.1987), is simply inapposite. The plaintiff in *Nishnic* sought access to twenty-four witness interview reports and two historical research reports relating to the investigation and subsequent deportation of John (a/k/a Ivan) Demjanjuk by the Justice Department's Office of Special Investigations. The witness interview reports were not verbatim statements. The defendant Office of Special Investigations established through an affidavit by its director that the "reports discuss the information the investigators found relevant and evaluate the potential usefulness of the witnesses in the then pending *Demjanjuk* case." *Id.* at 774. Contrary to the statements by Thurner's employees, those witness interview reports were the product of federal agency employees and thus constituted intra-agency documents.

## V

In summary, the disputed affidavits are the statements of Thurner's employees, not internal NLRB documents, and thus are not "intra-agency memorandums" exempt from disclosure under Exemption (b)(5).

Because the affidavits are not intra-agency memoranda, there is no need to reach the second condition in (b)(5) and determine if they would be immune from civil discovery.

The district court's order that these affidavits are not within Exemption (b)(5) is affirmed, and the cause is remanded for the entry of an order requiring the Board to release the documents to plaintiff without redaction.[4]

---

4. In seeking an interlocutory appeal, the Board stated the outcome "would eliminate the [district] court's involvement in reviewing the redacted documents" (March 31, 1987, district court order reproduced in Board App. A–13—A–14). Therefore *in camera* inspection by Judge Curran of redactions permissible under Exemptions (b)(7)(C) and (D) has been waived.