EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

HARRIS CHERNIN, INC., Defendant.

Donald ROSENTHAL, Plaintiff,

v.

HARRIS CHERNIN, INC., Defendant.

No. 88 C 9266.

United States District Court, N.D. Illinois, E.D.

July 15, 1991.

Jean Powers Kamp, U.S. E.E.O.C., Chicago, Ill., Jeanette Goss, U.S. E.E.O.C., Milwaukee, Wis., and Karen A. Berres, Chicago, Ill., for plaintiffs.

Martin K. Denis, Shayle P. Fox, and Joel W. Rice, Fox and Grove, Chartered, Chicago, Ill., for defendant.

### ORDER

NORGLE, District Judge.

Before the court are the objections of plaintiff Equal Employment Opportunity Commission ("EEOC") and defendant Harris Chernin ("Chernin") to Magistrate Judge Edward A. Bobrick's report and recommendation that this court grant in part and deny in part Chernin's summary judgment motion against EEOC. For the rea-

sons discussed below, Chernin's objections are sustained and the EEOC's objections are overruled.

## FACTS

These consolidated cases challenge the July 1986 discharge of plaintiff Donald Rosenthal ("Rosenthal"), by defendant Chernin from his job as manager of Chernin's Mail Order and Customer Service ("MOCS"). Rosenthal, who had worked his way up in the Chernin business since being hired as a shoe salesman in 1962, was fifty five years old when he was discharged. Chernin replaced Rosenthal with a series of women in their early twenties, none of whom remained long at the job. Ultimately, Rosenthal's former position was filled by Mr. Mike Raftenburg, aged in his late sixties.

On December 1, 1986, Rosenthal filed a charge against Chernin with the EEOC, alleging age and sex discrimination. On June 29, 1988, after investigating Rosenthal's claim, the EEOC issued a Letter of Determination finding both age and sex discrimination. On July 1, 1988, Rosenthal filed a pro se complaint against Chernin in the Cook County Circuit Court, challenging his termination. Rosenthal then retained counsel who, on October 31, 1988, amended his complaint to allege age and sex discrimination. Also on October 31 1988, the EEOC filed a complaint in federal district court alleging that Chernin had violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. The amended complaint in Rosenthal's private action against Chernin was removed to federal court on November 7, 1988, and on March 20, 1989, was consolidated with the EEOC action.

On August 2, 1990, this court granted Chernin's motion for summary judgment on Rosenthal's ADEA claim on the grounds that Rosenthal's first amended complaint, filed October 31, 1988, was barred by ADEA's two year statute of limitations and did not relate back to the filing date of Rosenthal's original pro se complaint.

On September 24, 1990, Chernin filed the present motion for summary judgment on EEOC's ADEA and Title VII claims. In its motion, Chernin argues that this court's summary judgment in favor of Chernin on Rosenthal's ADEA claim precludes the EEOC from maintaining its ADEA claim, by the doctrine of *res judicata*. Chernin also argues that once an employee has filed a private Title VII action against his employer, the EEOC is not authorized to maintain an independent Title VII action against that employer, but may only intervene in the private action. The parties briefed the motion before Magistrate Judge Edward A. Bobrick to whom this case had been assigned for disposition of all pre-trial motions.

On December 12, 1990, the Magistrate Judge submitted to this court his report and recommendation to grant in part and deny in part Chernin's motion. The Magistrate Judge's recommendation held that EEOC's ADEA claim was not barred by principles of *res judicata*, because "the EEOC's claim is not technically identical to Mr. Rosenthal's and ... the EEOC was not a party, or in privity with a party, in Mr. Rosenthal's claim." December 12, 1990, Report and Recommendation ("Recommendation"), p. 5. The Magistrate Judge reasoned that because the EEOC is charged with protecting the public, its interests are broader than those asserted by individual victims of discrimination. He nevertheless held that because Rosenthal's private claim for damages (as opposed to injunctive relief) under ADEA had previously been dismissed, the EEOC was barred from obtaining such a damage recovery on Rosenthal's behalf.

The Magistrate Judge also held that the sex discrimination claim in Rosenthal's first amended complaint (filed in state court) barred the EEOC from filing a separate Title VII claim. He concluded that summary judgment should be entered against the EEOC on its Title VII claim, and that the EEOC should be granted leave to intervene in Rosenthal's Title VII action.

## DISCUSSION

■ Upon the submission of a magistrate judge's report and recommendation on a motion for summary judgment, the district judge shall make a *de novo* determination upon the record and may accept, reject or modify the recommended decision. Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). In making this determination, the judge must look at all the evidence contained in the record and retains final authority over determination of the dispositive motion. *Delgado v. Bowen*, 782 F.2d 79 (7th Cir. 1986).

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment:

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of material fact exists, the court must view the non-moving party's evidence as true and draw all justifiable inferences in that party's favor. *Id.* at 255, 106 S.Ct. at 2513; *see Santiago v. Lane*, 894 F.2d 218, 221 (7th Cir.1990).

### 1. *Res Judicata*

Because the ADEA claims asserted by Rosenthal and by the EEOC are both federal law claims brought in federal court, the federal rule of *res judicata* determines whether the summary judgment on Rosenthal's claim bars the EEOC from maintaining its ADEA claim. *See Barnett v. Stern*, 909 F.2d 973, 977 (7th Cir.1990); *In re Energy Coop., Inc.*, 814 F.2d 1226, 1230 (7th Cir.1987). The doctrine of *res judicata* contains three essential elements:

1) a final judgment on the merits in an earlier action;

2) an identity of the cause of action in both the earlier and later suit; and

3) an identity of parties or privies in the two suits.

*La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V.*, 914 F.2d 900, 907 (7th Cir. 1990). The dismissal of Rosenthal's ADEA claim unquestionably satisfies the "final judgment on the merits" strand of the *res judicata* analysis. As the EEOC concedes in its submissions, the Seventh Circuit has unambiguously held that statute of limitations dismissals are "on the merits" for the purposes of *res judicata*. *See Am. Nat'l Bank & Trust Co. v. City of Chicago*, 826 F.2d 1547, 1553 (7th Cir.1987) ("A decision may be 'on the merits' for purposes of preclusion even though the court did not resolve the merits.... The decision is on the merits (and hence not jurisdictional) for the purposes of preclusion when the litigant had an *opportunity* to receive an adjudication from that court. That he bollixed his opportunity by starting the suit too late ... does not justify exposing the defendant to another round" [emphasis in original] ).

■ Whether Chernin has satisfied the "identity of claim" strand of the *res judicata* test is somewhat more problematic. Magistrate Judge Bobrick's report and recommendation merely states: "it appears that the EEOC's claim is not technically identical to Mr. Rosenthal's...." Recommendation, p. 5. Magistrate Judge Bobrick apparently reasoned that the two claims differed in the nature of the relief sought; whereas Rosenthal sought damages in the form of lost wages and benefits, and emotional and physical distress, the EEOC seeks primarily equitable relief—e.g., to enjoin Chernin from further discrimination, to require it to adopt certain non-discriminatory policies, and to require it to reinstate Rosenthal. However, the test for determining whether two claims are identical for the purposes of *res judicata* does not consider the nature of the relief sought. *Smith v. City of Chicago*, 820 F.2d 916, 918 (7th Cir.1987), (quoting *Lee v. City of Peoria*, 685 F.2d 196, 200 (7th Cir.1982)) ("[e]ven though one group of facts may give rise to *different claims for relief*

upon different theories of recovery, there remains a single cause of action" [emphasis added]). Rather, the federal "identity of claim" test addresses only whether the two claims "arose out of the same core of operative facts." *Energy Coop.*, 814 F.2d at 1231; *see Smith*, 820 F.2d at 918. This "identity of claim" test is known as the "transaction approach." *See Pirela v. Village of North Aurora*, 935 F.2d 909, 913 (7th Cir.1991); *Schlangen v. Resolution Trust Corp.*, 934 F.2d 143, 147 (7th Cir. 1991).

■ It is evident from the parties' respective complaints, that EEOC's ADEA claim and Rosenthal's ADEA claim arise from the same core of operative facts—i.e., Chernin's discharge of Rosenthal. *See Prochotsky v. Baker & McKenzie*, No. 90 C 4478, slip op. at 6, 1991 WL 9007 (N.D.Ill. January 18, 1991) (plaintiff's Title VII claim barred by doctrine of *res judicata* where plaintiff previously litigated an ERISA claim which also arose from the termination of her employment). Thus, although the ADEA claims of Rosenthal and the EEOC are not literally "identical" causes of action, they nevertheless satisfy the "identity of claim" strand of the *res judicata* test.

■ Perhaps the most difficult issue in this analysis is whether the EEOC is sufficiently identified with Rosenthal to satisfy the "identity of parties or privies" strand of the *res judicata* analysis. Clearly Rosenthal and the EEOC are not identical parties, and they arguably are not "privies" in the technical sense of the term. Nevertheless, the EEOC's interest in its ADEA claim may be sufficiently aligned with Rosenthal's interest in his ADEA claim for the two parties to be deemed "in privity" for the purposes of the *res judicata* analysis. *See Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1125 (7th Cir.1987) ("even if a party to the second suit ... was not a party to the first suit ... or in privity with that party (e.g., an assignee), still if the party to the first suit was an adequate representative of the other's interests, the other may be barred by the judgment in that suit"); *see also Pearson v. Hafnia*

*Holdings, Inc.*, No. 90 C 991, slip op. at 6, 1991 WL 18421 (N.D.Ill. February 7, 1991); *Maguire v. Selcke*, No. 90 C 21, slip op. at 9, 1990 WL 70451 (N.D.Ill. May 4, 1990). The principle which permits the "privity" strand of the *res judicata* test to be satisfied in this manner is known as the doctrine of "virtual representation." *Colby*, 811 F.2d at 1125; *Maguire*, slip op. at 9. As noted by the court in *Maguire*, "[t]he doctrine of 'virtual representation,' while not of recent vintage, has been applied with more frequency and to a broader range of circumstances in recent years" and constitutes a "recent trend ... to loosen 'the traditional and sometimes artificial limitations on the application of *res judicata....*'" *Maguire*, slip op. at 9 (quoting *Diaz v. City of Chicago*, 601 F.Supp. 1251, 1253 (N.D.Ill.1984)). The doctrine is based upon the general principle that privity, for *res judicata* purposes, may be found where "the interests of the two parties are so closely aligned that one is the virtual representative of the other." *Id.* at 9–10. Although no specific test has been established for applying the virtual representation doctrine, courts have recognized two factors which may aid in this analysis. "First, the cases look to the nature of the cause of action and where the operative facts are identical, the court is more likely to find the second party adequately represented in the first action." *Maguire*, slip op. at 10. Second, some cases look to the nature of the connection between the parties. *Id.* at 12. "A finding of virtual representation may be based on an express or implied legal relationship." *Id.*

In holding that the "identity of parties or privies" strand was not met, the Magistrate Judge cited cases supporting the proposition that the EEOC "is not merely a proxy for victims of discrimination," but "acts also to vindicate the public interest in preventing employment discrimination." Recommendation, p. 5 (quoting *General Telephone Co. v. EEOC*, 446 U.S. 318, 326, 100 S.Ct. 1698, 1704, 64 L.Ed.2d 319 (1980). In addition to the *General Telephone* case, the Magistrate Judge cited similar cases from the Tenth, Ninth, Sixth, and Third Circuits, and one case from the Western

District of Pennsylvania, all of which concur in the proposition that the adjudication of a private employee discharge action does not, under the doctrine of *res judicata,* bar the EEOC from suing the same employer. Significantly, virtually all of these cases were decided in the context of *Title VII* claims in which the private plaintiffs had received prior adverse judgments.[1] The only cited case to hold that the EEOC was not barred by *res judicata* from maintaining an *ADEA* action, despite a private party's adverse prior judgment, is *EEOC v. U.S. Steel Corp.,* 728 F.Supp. 1167, 1170 (W.D.Pa.1989). Significantly, at approximately the same time that the Magistrate Judge issued his Recommendation, the Third Circuit reversed this aspect of the *U.S. Steel* case. *EEOC v. U.S. Steel Corp.,* 921 F.2d 489 (3rd Cir.1990).

In *U.S. Steel,* the Third Circuit directly addressed the issue of whether the EEOC would be deemed to be in privity with private plaintiffs, for the purposes of *res judicata,* in a claim brought under ADEA. The court's analysis begins with the observation that the term "privity":

> is merely a word used to say that the relationship between one who is a party on the record and another is close enough to include that other with the res judicata. One relationship long held to fall within the concept of privity is that between a nonparty and party who acts as the nonparty's representative.

*U.S. Steel,* 921 F.2d at 493 (citations omitted). Then, referring to 29 U.S.C. § 626(c)(1),[2] the court held that the "distinctive enforcement scheme of the ADEA shows unmistakenly [sic] that the EEOC has representative responsibilities when it initiates litigation to enforce an employee's rights." *Id.* at 494. The court noted that "[t]he enforcement scheme of Title VII of the Civil Rights Act of 1964, from which the framers of the ADEA consciously de-

parted (see *Burns v. Equitable Life Assurance Society,* 696 F.2d 21, 24 n. 2 (2d Cir.1982)), has no similar feature." *Id.* at 494, n. 4. The court expressly concluded that "individuals who fully litigated their own claims under the ADEA are precluded by *res judicata* from obtaining individual relief in a subsequent EEOC action based on the same claims." *Id.* at 496–497. This court finds the opinion in *U.S. Steel* to be well reasoned and it adopts the Third Circuit's position on this issue.

■ The court also recognizes that in some instances, the EEOC's interest in pursuing an ADEA claim may be broader than that of an individual for whose benefit the EEOC initiated its ADEA investigation. Notably, when the EEOC seeks to enjoin discrimination against an entire class, its interest in an ADEA claim may exceed that of any single class member. In such cases, the existence of a prior judgment on a private suit brought by an individual member of the class will not bar the EEOC's action on the grounds of *res judicata. See U.S. Steel,* 921 F.2d at 496. However, in this case, it is not clear that the EEOC has alleged sufficient facts to state a claim on behalf of such a class. Here, the factual underpinning of the EEOC's ADEA claim appears to be based solely on Rosenthal's discharge. In other words, although the EEOC requests broad injunctive relief to enjoin Chernin from discriminatory practices generally and to force it to institute equal opportunity employment practices for "males and for individuals who are age 40 or older" (EEOC complaint, p. 4), the EEOC fails to allege a single incident of discrimination against any employee other than Rosenthal. Having held that the EEOC is barred by the doctrine of *res judicata* from seeking any relief under ADEA for Rosenthal, the court shall not permit the EEOC to continue to litigate an

---

**1.** Notably, the Seventh Circuit has also expressly held that "'virtual representation,' whatever its vitality elsewhere, does not apply to Title VII." *Colby,* 811 F.2d at 1125.

**2.** This provision states: "Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable re-

lief as will effectuate the purposes of this chapter: *Provided,* That the right of any person to bring such action shall terminate upon the commencement of an action by the Equal Employment Opportunity Commission to enforce the right of such employee under this chapter" (emphasis in original).

ADEA claim against Chernin on behalf of a group of unnamed and unidentified grievants whose existence has not even been alleged. Having failed to allege that Chernin has discriminated against any employee other than Rosenthal, the EEOC has failed to state a claim against a broader class of similarly situated males aged 40 or older.

### 2. *Title VII*

 Chernin argues that it is entitled to summary judgment on the EEOC's Title VII claim on the grounds that the EEOC may not institute its of action under Title VII once a private party files suit. The Magistrate Judge agrees with Chernin's position that the EEOC may not maintain a separate Title VII action, but points out that rather than granting summary judgment, the court should dismiss this claim and grant the EEOC leave to intervene in Rosenthal's Title VII action. *See* Recommendation, pp. 8–11. After a *de novo* review of the authorities, this court accepts the Magistrate Judge's recommendation on this issue. As the parties acknowledge, the Seventh Circuit has not addressed the issue of whether the filing of a Title VII action by a private plaintiff precludes the EEOC from subsequently filing an independent Title VII action based upon the same facts. The Eighth and Tenth Circuits have addressed the issue, and have interpreted the relevant language in Title VII, 42 U.S.C. § 2000e–5(f), to preclude the EEOC from so filing. *See EEOC v. Missouri Pac. R.R.*, 493 F.2d 71 (8th Cir.1974); *EEOC v. Continental Oil Co.*, 548 F.2d 884 (10th Cir.1977). The Third Circuit, on the other hand, has taken the contrary position. *EEOC v. North Hills Passavant Hospital*, 544 F.2d 664 (3rd Cir.1976).

For the reasons stated in Magistrate Judge Bobrick's Report and Recommendations, this court concurs with the analysis and rationale of the Eighth and Tenth Circuits. As the Magistrate Judge stated:

> the clear language of the statute proscribes a one-hundred-eighty-day limit on the EEOC's right to sue; after that, the EEOC may reenter the fray only upon the court's discretion to allow intervention in the charging party's suit. If the EEOC were allowed to sue at any time, this discretionary intervention provision would be superfluous.

Recommendation at pp. 9–10. Well settled principles of statutory construction establish that courts should avoid construing a statute in such a way as to render meaningless any statutory language. *See, e.g., Thurner Heat Treating Corp. v. NLRB*, 839 F.2d 1256, 1259 (7th Cir.1988) ("It is a basic rule of statutory construction that, if possible, effect is to be given to each and every word, clause and sentence in a statute, and a construction that results in any portion of a statute being superfluous should be avoided"). This court finds Magistrate Judge Bobrick's report and recommendation on this issue well-reasoned, and it accepts that recommendation in full.

### CONCLUSION

For the reasons stated above, Chernin's objections to the Report and Recommendation of the Magistrate Judge are sustained to the extent that this court holds that the EEOC's ADEA claim is barred in its entirety by the doctrine of *res judicata*. The EEOC's objections to the Report and Recommendation are overruled. The EEOC's Title VII claim against Chernin is dismissed and the EEOC is granted leave to intervene in plaintiff Rosenthal's Title VII claim.

IT IS SO ORDERED.