**EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION,
Plaintiff–Appellant,**

v.

**HARRIS CHERNIN, INC.,
Defendant–Appellee.**

**No. 91–3136.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 25, 1993.

Decided Dec. 1, 1993.

Jean P. Kamp, E.E.O.C., Chicago, IL, Robert J. Gregory (argued), E.E.O.C., Office of General Counsel, Washington, DC, for plaintiff-appellant.

Shayle P. Fox (argued), Martin K. Denis, Joel W. Rice, Fox & Grove, Chicago, IL, for defendant-appellee.

Before CUMMINGS and ROVNER, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

The Equal Employment Opportunity Commission ("the EEOC") filed an enforcement action against Harris Chernin, Inc. pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 626(b), and Section 706(f) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e–5(f). The EEOC alleged that Chernin willfully engaged in and continues to engage in unlawful employment practices, including its discharge of Donald

Rosenthal. The EEOC sought backpay, liquidated damages, and reinstatement for Rosenthal, as well as a permanent injunction preventing Chernin from "engaging in any employment practice which discriminates because of age or sex." Rosenthal had brought an individual suit under the ADEA and Title VII prior to the filing of the EEOC action. In that case, not before us, Rosenthal had alleged a violation, but had not alleged that the violation was willful. The court ruled that Rosenthal's ADEA claim was barred by the two-year statute of limitations, applicable to a cause of action for violations other than willful, but gave leave to amend on his Title VII claim. Chernin filed a motion for summary judgment in the EEOC action which is the subject of this appeal. The district court granted judgment for Chernin on the ADEA claim, holding (1) that the judgment in Rosenthal's action precluded by *res judicata* individual relief for him in a subsequent EEOC action, and (2) that because the EEOC failed to allege discrimination against any employee other than Rosenthal, it had failed to state a claim for injunctive or other relief for discrimination against others. *EEOC v. Harris Chernin, Inc.*, 767 F.Supp. 919, 924, 925 (N.D.Ill.1991). The court additionally dismissed the EEOC's Title VII claim with leave to intervene in Rosenthal's action. The EEOC appealed. We reverse in part and affirm in part.

## I. BACKGROUND

In July of 1986, Rosenthal was discharged by Chernin from his job as a manager of Chernin's Mail Order and Customer Service. On December 1, 1986, Rosenthal filed a charge against Chernin with the EEOC, alleging both age and sex discrimination. Af-

ter reviewing Rosenthal's claim, the EEOC issued a Letter of Determination stating that it had found both age and sex discrimination. On July 1, 1988, Rosenthal filed a *pro se* complaint in Cook County Circuit Court.[1] He later retained counsel and amended his complaint to allege age and sex discrimination, but did not allege that Chernin's violation of ADEA was willful. On October 31, 1988, shortly after the amendment, the EEOC filed a separate complaint in federal court alleging willful violation of ADEA, commencing this action.

On November 7, 1988, Chernin removed Rosenthal's amended complaint to federal court and Rosenthal's action was consolidated with the EEOC action for pre-trial matters. Chernin filed a motion for summary judgment in the Rosenthal case. On August 2, 1990, the district court granted Chernin's motion on the ground that Rosenthal's first amended complaint alleging an ADEA violation, but not that the violation was willful, was barred by the ADEA's two-year statute of limitations and that it did not relate back to the date of his original complaint.[2] Rosenthal was given leave to amend the Title VII claim in light of his receipt of a Right-to-Sue Letter from the EEOC subsequent to the filing of Chernin's motion.[3] The decisions in Rosenthal's case are not before us in this appeal.

Chernin also filed a motion for summary judgment on the EEOC's ADEA and Title VII claims. Relying principally upon the Third Circuit's decision in *EEOC v. U.S. Steel Corp.*, 921 F.2d 489 (3d Cir.1990), the district judge held that the EEOC was barred by *res judicata* with respect to individual relief for Rosenthal under the ADEA

---

1. In his original complaint, Rosenthal claimed that he had been wrongfully discharged in retaliation for his refusal to take responsibility for the company's parking lot thefts, and that the manner in which he was terminated "was outrageous, unconscionable and without just cause."

2. The ADEA provides that a claim shall be barred:

   unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

29 U.S.C. § 255(a).

3. In order to maintain a claim under Title VII, a plaintiff must file charges with the EEOC, receive a Right–To–Sue Letter, and act upon it. 42 U.S.C. § 2000e–5(b), (e), and (f); *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974). If these jurisdictional elements are not met, the action will be dismissed. *Movement for Opportunity and Equality v. General Motors Corp.*, 622 F.2d 1235, 1240 (7th Cir.1980).

because there was privity between Rosenthal and the EEOC. The court acknowledged that the EEOC's interest in pursuing an ADEA claim may be broader than that of an individual for whose benefit the EEOC initiated its investigation. Here, however, the court concluded that the EEOC had not stated a claim for relief because it did not "allege a single incident of discrimination against any employee other than Rosenthal." 767 F.Supp. at 924. The district judge additionally dismissed the EEOC's Title VII claim with leave to intervene in Rosenthal's Title VII action. *Id.* at 925. The EEOC appealed.

## II. DISCUSSION

### A. Jurisdiction

Prior to oral argument, we questioned whether we had jurisdiction to hear this appeal because a magistrate judge had consolidated this action with the Rosenthal action. Although the district court disposed of all issues in the EEOC action, Rosenthal's Title VII claim remains pending. The judge did not include the directions required for finality pursuant to Federal Rule of Civil Procedure 54(b). After submission of briefs by the parties, we conclude that we do have jurisdiction.

■ In cases where the district court has consolidated two actions for all purposes, a decision disposing of all claims in one of the constituent actions but not the other is not final unless made so pursuant to Rule 54(b). *Brown v. United States,* 976 F.2d 1104, 1107 (7th Cir.1992). However, where it is clear that the actions have been consolidated for only limited purposes, a decision disposing of all the claims (and parties) in only one of the actions is a final decision subject to immediate appeal. *Id.*

■ In this case, the magistrate judge consolidated the EEOC action with Rosenthal's case "for pre-trial matters" only. He expressly declined to consolidate the actions for trial, finding such a decision to be premature. This type of consolidation does not merge the actions into one. *Ivanov–McPhee v. Washington Nat'l Ins. Co.,* 719 F.2d 927, 929 (7th Cir.1983); *Sandwiches, Inc. v. Wendy's Int'l, Inc.,* 822 F.2d 707, 710 (7th Cir. 1987) (appeal could be taken where "the cases clearly had been consolidated only for discovery"); *Brown,* 976 F.2d at 1107 (case retained its separate identity where consolidation was only for pretrial proceedings). Because the Rosenthal and the EEOC actions were clearly consolidated for limited purposes only, and the judgment disposed of all claims in the action brought by the EEOC, the judgment was final, and we have jurisdiction to hear the appeal.

### B. The ADEA Claim

The EEOC contends that the district court erred when it dismissed its ADEA claim on *res judicata* grounds. The EEOC argues that it is not in privity with Rosenthal and therefore was not barred by the judgment against him.

■ *Res judicata* (claim preclusion) is comprised of three essential elements: (1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or privies in the two suits. *La Preferida, Inc. v. Cervecercia Modelo, S.A. de C.V.,* 914 F.2d 900, 907 (7th Cir.1990); *Brown v. J.I. Case Co.,* 813 F.2d 848, 854 (7th Cir.), *cert. denied,* 484 U.S. 912, 108 S.Ct. 258, 98 L.Ed.2d 215 (1987).[4] The district court was satisfied that the first prong had been fulfilled. As to the second prong, the court found that, although the Commission alleged a willful violation under the ADEA (Rosenthal had not), there was an identity of the cause of action in the two actions. On appeal, the EEOC has not challenged this proposition. The issue really argued on appeal concerns the third prong of the *res judicata* analysis—whether there is an identity of parties or privies in the two suits. The district court decided that the EEOC, while not a party in the earlier action, was sufficiently in privity with Rosenthal so that

---

4. Where the earlier action is brought in federal court, the federal rules of *res judicata* apply. *See Barnett v. Stern,* 909 F.2d 973, 977 (7th Cir. 1990); *In re Energy Coop., Inc.,* 814 F.2d 1226, 1230 (7th Cir.), *cert. denied,* 484 U.S. 928, 108 S.Ct. 294, 98 L.Ed.2d 254 (1987).

it was barred from bringing an action to obtain benefits for him under the ADEA. The court implied, at least, that the EEOC was barred from seeking an injunction if based only on the alleged willful discrimination against Rosenthal.

Any discussion in the district court of the first element of *res judicata* concerned whether the judgment was "on the merits," not whether the judgment was "final." The EEOC did not argue that there was no final judgment. On appeal, the text of the EEOC brief contains no such argument. A footnote to the part of its brief in which it asserted that the EEOC was not in privity with Rosenthal reads as follows:

> There is also an argument in this case that the Commission could not be barred from maintaining an ADEA action until final judgment was entered in Rosenthal's suit. *See La Preferida, Inc.*, 914 F.2d at 907 (stating that *res judicata* only applies where there is "a final judgment on the merits in an earlier action"). While the district court ruled in HCI's favor on the merits of the statute of limitations defense, it has yet to dispose of Rosenthal's Title VII claim. Thus, the court's order on the ADEA claim is "subject to revision before the entry of judgment adjudicating all the claims" in the case, Fed.R.Civ.Pr. 54(b), and, arguably, not final for *res judicata* purposes. *See, e.g., Clausen Co. v. Dynatron/Bondo Corp.*, 889 F.2d 459, 466 (3d Cir.1989), *cert. denied*, 495 U.S. 933, 110 S.Ct. 2174, 109 L.Ed.2d 503 (1990). This point was raised in our jurisdictional memorandum, although we also noted that the court's erroneous reliance on *res judicata*, prior to the entry of final judgment in Rosenthal's action, did not affect the finality of its decision in this case. Of course, since the district court will at some point

enter final judgment in Rosenthal's action, this ground for challenging the district court's judgment may well be extinguished by subsequent events.

July 27, 1992 Brief at 9–10 n. 6. Chernin's brief ignored footnote 6, and asserted, "[t]he EEOC does not dispute that the first two elements [final judgment on the merits and identity of the cause of action] have been satisfied." *Id.* at 10. The EEOC filed a reply brief, but did not take issue with Chernin's "does not dispute" language. Under all these circumstances, we think the EEOC has waived an argument that the judgment was not final for the purpose of *res judicata*.[5]

■ Judge Norgle first considered that the EEOC was seeking individual benefits for Rosenthal (backpay, liquidated damages, and reinstatement). He applied the holding of *EEOC v. U.S. Steel Corp.*, 921 F.2d 489 (3d Cir.1990) that "individuals who fully litigated their own claims under the ADEA are precluded by *res judicata* from obtaining individual relief in a subsequent EEOC action based on the same claims." 921 F.2d at 496–97.

In *U.S. Steel Corp.*, the EEOC filed a complaint alleging that USX had violated the ADEA by requiring execution of a release as a condition for obtaining an advantageous pension. Earlier, several employees had brought individual suits on the same claim, but had been unsuccessful. The district court granted relief, including a permanent injunction against requiring the release. The district court also decided that the earlier judgments did not preclude retroactive relief for the individuals who had sued and lost. The Third Circuit reversed on this point, the only one before it because of concessions by the parties.

---

5. In passing, we observe that a Seventh Circuit opinion says that an order in which there was "less than technical compliance," with Rule 54(b) "was sufficiently final for *res judicata* purposes even if not appealable." *Alexander v. Chicago Park Dist.*, 773 F.2d 850, 855 (7th Cir.1985), *cert. denied*, 475 U.S. 1095, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986). Although *Alexander* was dealing with claim preclusion and not issue preclusion (773 F.2d at 853, n. 1), the cases cited in support of its statement dealt with issue preclu-

sion rather than claim preclusion. It did not cite *Miller Brewing Co. v. Jos. Schlitz Brewing Co.*, 605 F.2d 990, 996 (7th Cir.1979), *cert. denied*, 444 U.S. 1102, 100 S.Ct. 1067, 62 L.Ed.2d 787 (1980), which holds that a relaxed concept of finality is acceptable for issue preclusion, and clearly implies that it is not acceptable for claim preclusion. We leave it to a panel in some future case to deal with the tension between these Seventh Circuit opinions.

The Third Circuit reasoned that Congress intended that the EEOC serve as the individual employee's representative when it seeks to recover individual benefits for him. It emphasized that although Congress had created an individual's cause of action, it had cut off the individual's right to sue once the EEOC begins its action. 921 F.2d at 494–495. It relied on the doctrine that "if a person first litigates in his own behalf, that person may be precluded from claiming any of the benefits of a judgment in a subsequent action that is brought or defended by a party representing him." 921 F.2d at 493. The court concluded, "when the EEOC seeks to represent grievants by attempting to obtain private benefits on their behalf, the doctrine of representative claim preclusion must be applied." *Id.* at 496.

We agree, generally, with the Third Circuit's position that there is privity between the EEOC and individuals for whom it seeks individual benefits.

Accordingly, we affirm insofar as the district court held that Rosenthal's individual ADEA suit bars recovery by the EEOC of backpay, liquidated damages, and reinstatement in his behalf. We reverse, however, the district court's holding that the EEOC is barred from seeking an injunction against further violation, predicated upon proving, if it can, age discrimination against Rosenthal.

If it seems strange to permit the EEOC to establish a set of facts for one purpose, but not the other, the distinction is explainable because of the difference between Rosenthal's personal interest and the public interest represented by the EEOC. The *U.S. Steel Corp.* court acknowledged that Congress intended the Commission to protect a broader public interest different from that of an individual grievant, but found a distinction between the EEOC's role in protecting the public interest and its role in vindicating

specific private claims. 921 F.2d at 496. In *U.S. Steel Corp.,* the EEOC's interest in seeking an injunction against future violations was not before the court. 921 F.2d at 492.

The EEOC has a right to sue independent of any private plaintiff's rights. *General Telephone Co. v. EEOC,* 446 U.S. 318, 326, 100 S.Ct. 1698, 1704, 64 L.Ed.2d 319 (1980). In this respect, the EEOC acts "to vindicate the public interest in preventing employment discrimination," *id.,* and its interests are broader than those of the individuals injured by discrimination. As such, private litigants cannot adequately represent the government's interest in enforcing the prohibitions of federal statutes. *See Kerr–McGee Chemical Corp. v. Hartigan,* 816 F.2d 1177 (7th Cir.1987); [6] *Secretary of Labor v. Fitzsimmons,* 805 F.2d 682, 693–4 (7th Cir.1986). There is no privity such that *res judicata* as to Rosenthal's claim for individual relief would bar the EEOC from bringing an action seeking an injunction, in order to prevent further violations.

The EEOC alleged that Chernin "has engaged in and is continuing to engage in unlawful employment practices" that "include terminating Donald Rosenthal's employment because of his age and sex," and that these practices "were and are willful within the meaning of the ADEA." The EEOC prayed for a permanent injunction preventing Chernin from "engaging in any employment practice which discriminates because of age or sex" and to order Chernin "to institute and carry out policies, practices and programs which provide equal employment opportunities for males and for individuals who are age 40 or older, and which eradicate the effects of its past and present unlawful employment practices."

---

**6.** An adjudication in a prior suit brought by a private litigant may be used to bind a governmental unit in a subsequent suit where the governmental unit effectively controlled the first suit. *Montana v. United States,* 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) (government bound where it required that lawsuit be filed, paid attorney's fees and costs, directed the appeals, appeared as *amicus curiae* in state su-

preme court, and directed filing and subsequent abandonment of appeal to United States Supreme Court) (cited in *Kerr–McGee,* 816 F.2d at 1180–81 n. 4). The government would also be bound if it was a participant in the first suit. *Kerr–McGee, supra* (citing cases). There is no indication that the EEOC participated in or controlled Rosenthal's private action.

The district court found that the allegations were insufficient to state a claim. The court reasoned:

> [I]t is not clear that the EEOC has alleged sufficient facts to state a claim on behalf of such a class. Here, the factual underpinning of the EEOC's ADEA claim appears to be based solely on Rosenthal's discharge. In other words, although the EEOC requests broad injunctive relief ... the EEOC fails to allege a single incident of discrimination against any employee other than Rosenthal.

767 F.Supp. at 924.

Apparently the court thought that the judgment dismissing Rosenthal's claim seeking individual relief barred the EEOC's claim seeking an injunction predicated on the same alleged violation. This was not decided in *U.S. Steel Corp.* The court would "not permit the EEOC to continue to litigate an ADEA claim against Chernin on behalf of a group of unnamed and unidentified grievants whose existence has not even been alleged." *Id.* at 924–25. In effect, this conclusion amounts to a decision that the facts which the EEOC may be able to prove will not justify issuance of an injunction. This decision is premature.

The EEOC sought to enjoin Chernin from "engaging in any employment practice which discriminates because of age...." Such an injunction would protect Chernin's older employees generally. An injunction would serve (1) to instruct Chernin "that it must comply with federal law, [and] (2) subject ... [Chernin] to the contempt power of the federal courts if it commits future violations...." *EEOC v. Goodyear Aerospace Corp.*, 813 F.2d 1539, 1544 (9th Cir.1987). To make a case for injunctive relief, the EEOC may not need to produce evidence of discrimination beyond Rosenthal's case. *Goodyear Aerospace Corp.*, 813 F.2d at 1544 (EEOC entitled to injunction if it proves case involving discrimination of one employee and where employer fails to prove violation not likely to recur). Whether the EEOC can prove a case for injunctive relief cannot be resolved at this stage.

It has not yet been determined whether, in fact, Chernin discriminated against Rosenthal, and whether, if it did, it acted willfully or under such circumstances that an injunction would be appropriate. The EEOC is entitled to try to prove these claims if it believes it has a case. Identification in the complaint of persons who might be protected by an injunction is not required.

### C. Title VII

■ The district court held that once Rosenthal filed suit under Title VII, the EEOC lost its right to bring a separate action. The court granted summary judgment for Chernin, with leave to the EEOC to intervene in Rosenthal's case. The EEOC intervened, but challenges the ruling.

Section 2000e–5(f)(1) authorizes the EEOC to bring a civil action "[i]f within thirty days after a charge is filed ..., the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission...." A person aggrieved has the right to intervene. If the EEOC does not file nor secure a conciliation agreement within 180 days from the filing of the charge, it shall notify the person aggrieved, and the person aggrieved may bring civil action within 90 days after the giving of the notice. "Upon timely application, the court may, in its discretion, permit the Commission ... to intervene in such civil action upon certification that the case is of general public importance." *Id.*

Under Judge Norgle's view, the EEOC may bring an action after 30 days and within 180 days from the filing of the charge, and thereafter unless the person aggrieved has filed. The person aggrieved may intervene as a matter of right. The person aggrieved may bring an action within 90 days of notice of the right to sue. If that action is brought, the EEOC may only seek permission to intervene, supported by a certification that the case is of general public importance. If so construed, the statute avoids there being separate actions by the person aggrieved and the EEOC based on the same single alleged violation, and limits the EEOC's intervention in a private action to a case in which the EEOC is willing to certify general public importance.

We think this is the sound construction of the statute. It was adopted in *EEOC v. Continental Oil Co.*, 548 F.2d 884 (10th Cir. 1977), the most recent decision on the subject, concluding that a construction authorizing separate actions would render inconsequential both the provision for permissive intervention, and the requirement of a certificate. Earlier *EEOC v. Missouri Pacific R.R.*, 493 F.2d 71, 74 (8th Cir.1974), reached the same result, emphasizing the avoidance of "duplicitous lawsuits when both actions find their genesis in one unlawful employment practice charge." In 1975, the Sixth Circuit had disagreed with the Eighth, holding that if "the EEOC investigation of the [individual's] charge could reasonably have been expected to disclose that company practices had a racial impact extending beyond [the individual's] particular situation, the EEOC was entitled to bring its own suit based on its investigation's revelations." *Equal Employment Op. Com'n. v. Kimberly–Clark Corp.*, 511 F.2d 1352, 1363 n. 15 (6th Cir.1975).

The construction permitting separate suit was adopted in *EEOC v. North Hills Passavant Hosp.*, 544 F.2d 664, 667–672 (3d Cir. 1976), rejecting the implication from the provision for permissive intervention, relied on by the Eighth and, later, the Tenth Circuits. We, however, are persuaded that the implication is sound.

Insofar as the judgment appealed from dismissed the EEOC's ADEA claim, it is REVERSED and the cause REMANDED for further proceedings consistent with this opinion. In all other respects, the judgment is AFFIRMED. Each party shall bear its own costs.