82 F.3d 420
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Denise SANDERS, Yolanda Whatley, and Wanda Walker,
Plaintiffs-Appellants,
v.
VENTURE STORES, INC., Defendant-Appellee.
 No. 95-3743.
 United States Court of Appeals, Seventh Circuit.
 Argued March 29, 1996.
Decided April 8, 1996.
 
 Before EASTERBROOK, ROVNER and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 This is the second time that the plaintiffs, Denise Sanders, Yolanda Whatley, and Wanda Walker, have sued in federal court to complain about Venture's decision to terminate their employment in early 1992. In the first case, they filed an action that asserted claims only under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 et seq. After Venture filed a motion for summary judgment, and after the cut-off date for discovery, they moved to amend the complaint under Fed.R.Civ.P. 15(c) to add counts under 42 U.S.C. §§ 1981 and 1985(3) and under state wrongful discharge law. The district court entered summary judgment for Venture and denied the motion to amend the complaint as moot. On appeal from the later ruling, this Court found that an amendment of the complaint at that late date would have caused undue delay in the case and prejudice to Venture, and thus that the district court's denial of leave to amend was proper. Sanders v. Venture Stores, Inc., 56 F.3d 771 (7th Cir.1995).
 
 
 2
 Plaintiffs then turned around and filed a new complaint against Venture in the Circuit Court of Cook County, Illinois, alleging that Venture breached its contracts with them in the same 1992 termination decision. On July 7, 1995, Venture removed the suit to federal court on the basis of diversity of citizenship. See 28 U.S.C. § 1441(b). It alleged that Venture is a Missouri corporation with its principal place of business in Missouri, all three plaintiffs are citizens of Illinois, and the amount in controversy exceeds $50,000. Venture then raised the affirmative defense of res judicata, or claim preclusion. Relying on this Court's decisions in Smith v. City of Chicago, 820 F.2d 916 (7th Cir.1987), Shaver v. F.W. Woolworth Co., 840 F.2d 1361 (7th Cir.1988), cert. denied, 488 U.S. 856 (1988), and Brzostowski v. Laidlaw Waste Systems, 49 F.3d 337 (7th Cir.1995), the district court found that the suit was barred and dismissed the complaint.
 
 
 3
 We agree that the claims raised in the second suit could have been presented to the district court the first time around, and thus that principles of claim preclusion prevent it from going forward here. As the district court recognized, federal law governs the preclusive effect of a federal judgment. EEOC v. Harris Chernin, Inc., 10 F.3d 1286, 1289 n. 4 (7th Cir.1993); Barnett v. Stern, 909 F.2d 973, 977 (7th Cir.1990). Claim preclusion exists when the following three elements are present: (1) a judgment "on the merits" in an earlier action, (2) an identity of parties or privies in the two suits, and (3) an identity of the claim in the two suits. See Brzostowski, 49 F.2d at 338. If these elements are satisfied, claim preclusion not only prevents the party from relitigating those issues that were actually raised in the prior suit, but also all issues that could have been raised.
 
 
 4
 Here, we have no trouble concluding that all three criteria have been fulfilled. The district court's summary judgment in the first case was based on the untimeliness of the plaintiffs' Title VII action for purposes of 42 U.S.C. § 2000e-5(f)(1). Timeliness for these purposes is a reason "on the merits." See Shaver, 840 F.2d at 1365; Smith, 820 F.2d at 920. The parties are plainly the same. Finally, the claims arise out of the same "core of operative facts," or in the words of the Restatement (Second) of Judgments § 24 (1982), the same transaction or occurrence. See In the Matter of Energy Cooperative, Inc., 814 F.2d 1226, 1230-31 (7th Cir.), cert. denied, 484 U.S. 928 (1987). In the first case, plaintiffs tried to challenge their 1992 terminations using Title VII as the legal theory, and now they are trying to attack the identical event under state contract law. A change in legal theory does not have the effect of making two transactions out of one. Doe v. Allied-Signal, Inc., 985 F.2d 908, 913 (7th Cir.1993); Car Carriers, Inc. v. Ford Motor Co., 789 F.2d 589, 593 (7th Cir.1988).
 
 
 5
 Although Venture argued here that the plaintiffs were seeking a policy-based exception to claim preclusion rules, the plaintiffs explicitly disclaimed any such intention at oral argument. Instead, they believe that the district court's decision to deny their amendment in the first case means, as a matter of law, that they did not have an opportunity to litigate those claims before. This is particularly true, they argue, because the jurisdictional theory on which they relied was supplemental jurisdiction, see 28 U.S.C. § 1367, and it is clear that district courts have discretion to dismiss supplemental state law claims when the federal counts are disposed of early in the litigation. Wright v. Associated Insurance Co., 29 F.3d 1244, 1251 (7th Cir.1994). See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).
 
 
 6
 There are two problems with plaintiffs' arguments. First, this Court considered nearly the identical situation in Shaver, and it found that claim preclusion barred the second suit. There a former employee initially brought a federal age discrimination suit with pendent state law claims, and the age discrimination action was dismissed as untimely. The employee then returned to state court with a breach of contract suit, which the employer (as here) removed to federal court on diversity grounds. This Court found that claim preclusion barred the second action, because both cases arose out of the same core of operative facts, the parties were the same, and the existence of diversity jurisdiction made it clear that the contract claims could have been raised in the first action. Brzostowski recently reaffirmed Shaver on similar facts. Plaintiffs here could not prevail unless we were willing to overrule those two prior cases. Plaintiffs' second problem is practical. The reason their contract claims were not before the court in the first case had nothing to do with the court's rejection of their amended complaint. They simply failed to consider what claims they could have brought based upon the court's independent diversity jurisdiction when the case was originally filed. Unlike a claim based on supplemental jurisdiction, for which discretion exists to dismiss without prejudice in appropriate circumstances, a district court has a duty to entertain claims for which proper diversity jurisdiction exists.
 
 
 7
 Plaintiffs have offered no reason why we should reject Shaver and Brzostowski, nor can we think of any ourselves. Indeed, if we were to allow this suit to go forward, it would render our earlier decision finding that the district court was correct to deny the amendment to the first complaint a practical nullity. The district court properly found that they are barred by claim preclusion from raising additional claims that were part of the same core of operative facts, which they plainly could have raised as part of their first suit. We therefore AFFIRM the judgment of the district court.