PER CURIAM.
Frank Poer, Robert Anderson, Stanley Corcell, and Arthur Carratt [plaintiffs] appeal an adverse final summary judgment in an age discrimination action against their former employer, Calder Race Course, Inc. [Calder]. We affirm.
Plaintiffs were long time employees at Calder’s race track where they worked as division heads of four of nine satellite money rooms. In May of 1996, apparently in an effort to reduce expenses, Calder decided to close its less busy money rooms which were those headed by plaintiffs.[1] Plaintiffs were offered the newly created positions of teller/mini-dealer in place of their former jobs. They were required to obtain training on a teller machine in order *971 to assume these new positions. Plaintiffs, however, did not accept the new positions and instead filed charges of age discrimination with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission [EEOC]. After investigating the charges, the EEOC filed suit against Calder on behalf of the plaintiffs in the United States District Court. Approximately one month thereafter, plaintiffs commenced the instant action although no action was taken in the case during the pendency of the federal action. Finding no evidence to support a determination that Calder’s termination of the positions held by plaintiffs was motivated by anything other than legitimate business considerations, the federal court entered summary judgment in favor of Calder.[2] Calder then moved to amend its pleadings in the instant action to add the affirmative defense of collateral estoppel and was granted final summary judgment based on the doctrine.
We conclude, contrary to plaintiffs’ contentions, that the trial court properly applied the doctrine of collateral es-toppel herein notwithstanding the fact that they were not parties to the federal action. Collateral estoppel “requires a showing that there has been (1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies.” Equal Employment Opportunity Comm. v. United States Steel Corp., 921 F.2d 489, 494 (3d Cir.1990); see also Equal Employment Opportunity Comm. v. Harris Chernin, Inc., 10 F.3d 1286 (7th Cir.1993). In the federal action, the EEOC acted as plaintiffs’ representative. “Litigation by the representative party (EEOC) seeking private relief for an individual precludes subsequent litigation of the same claim by an individual for whom the .representative sought relief.” 921 F.2d at 495.
Finding no merit in the defendant’s remaining contentions, we affirm the judgment entered below in all respects.

. The decision to close the money room headed by Mr. Corcell was subsequently reversed; however, Mr. Corcell’s position was offered to a supervisor who, because of medical problems, had requested lesser responsibilities.

. The EEOC initially appealed this order, but subsequently voluntarily dismissed that appeal.