[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 11, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13448

_____

D. C. Docket No. 02-01112-CV-ORL-28-DAB

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

Plaintiff-Appellee-
Cross-Appellant,

TED MAINES,

Intervenor-Plaintiff-
Appellee,

versus

FEDERAL EXPRESS CORPORATION,

Defendant-Appellant-
Cross-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 11, 2006)**
**(As Amended August 31, 2006)**

Before TJOFLAT, BARKETT and GOODWIN,[*] Circuit Judges.

PER CURIAM:

Federal Express ("FedEx") appeals a jury verdict finding in favor of Theodore Maines, its onetime employee on his claim of retaliation in violation of Title VII.  FedEx asserts that it was entitled to a judgment in its favor as a matter of law.  The Equal Employment Opportunity Commission ("EEOC") appeals, asserting that the district court abused its discretion when it denied Maines' motion for front pay, limiting his award to backpay and compensatory damages.  The EEOC further appeals the district court's denial of nearly all the injunctive relief it requested.  We find no reversible error.

First, judgment as a matter of law should be granted only when, viewing the evidence in the light most favorable to the nonmoving party, the facts and inferences point so strongly in favor of one party that reasonable persons could not arrive at a contrary verdict.  See Castle v. Sangamo Weston, Inc., 837 F.2d 1550, 1558 (11th Cir. 1988).  We do not find that to be the case here.  When viewed in the light most favorable to Maines, the evidence was sufficient to support the jury's finding of retaliation.

_____

[*]Honorable Alfred T. Goodwin, United States Circuit Judge for the Ninth Circuit, sitting by designation.

We also find no merit to Maines' claim for front pay. Prevailing Title VII plaintiffs are presumptively entitled to either reinstatement or front pay as part of Title VII's remedial "make whole" policy. The district court properly held that reinstatement was not feasible in this case. Moreover, we do not find that the facts on this question are so overwhelmingly skewed toward Maines that a reasonable judge could not have found that the presumption in Maines' favor had been overcome.

Finally, we find no abuse of discretion in the denial of the EEOC's claim for injunctive relief. This Court has indicated its agreement with the Seventh Circuit that "the EEOC is normally entitled to injunctive relief where it proves discrimination against one employee and the employer fails to prove that the violation is not likely to recur." Massey Yardley, 117 F.3d 1244, 1253 (11th Cir. 1997) (citing EEOC v. Harris Chernin, 10 F.3d 1286, 1291 (7th Cir. 1993)). Mindful of the prophylactic purposes of the such relief, the court concluded that "the violation is not likely to recur," stating that the retaliation "was an isolated incident by a single manager who is no longer employed by FedEx." We find no error in that determination.

**AFFIRMED.**